testified, and his testimony was corroborated by two witnesses, that he saw plaintiff and her daughter approaching the track, and cut off his speed; that before reaching the track they stopped, whereupon he put the speed on again, and when the car was within 10 or 12 feet of the crosswalk the plaintiff attempted to cross in front of the car; that her daughter took hold of her arm and tried to pull her back; that she was not on the track, but was hit by the corner of the car. The question as to whether plaintiff stopped before reaching the track, and whether she was upon the track when the car hit her, were important questions of fact, and the testimony of the daughter upon this subject was not merely cumulative, but substantive. The daughter possessed the knowledge which was important. She was under the control of plaintiff, and the failure to call her is not explained.

The refusal to charge as requested was reversible error, and it follows that upon this ground, and without considering the other exceptions, the judgment and order must be reversed, and a new trial ordered; costs to abide the event. All concur, except THOMAS, J., who dissents.

---

### KLUNCK v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Division, Second Department. January 19, 1912.)

COURTS (§ 12*)—JURISDICTION—ACTION BETWEEN NONRESIDENT AND FOREIGN CORPORATION.

    The Supreme Court has no jurisdiction to entertain an action begun by the plaintiff, then residing in New Jersey, against a foreign railroad corporation, to recover damages for injuries from defendant's negligence in that state.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 32–36; Dec. Dig. § 12.*]

Appeal from Trial Term, Westchester County.

Action by John Klunck against the Pennsylvania Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Morton L. Fearey, for appellant.
Sydney A. Syme, for respondent.

THOMAS, J. The court has no jurisdiction to entertain this action, begun June 2, 1910, by a plaintiff then residing in New Jersey, against a foreign corporation to recover damages for injuries received by defendant's negligence in the state of New Jersey. The plaintiff testified that he had lived for two or three years with his mother in the state of New Jersey before the accident happened in that state, which was in January, 1910; that he voted there in 1909; that in May he was in the hospital; that in June and July he was so living with his mother, and that he supported them there up to the time of the accident; and that August was the first month that he stayed

with his uncle in this state after the accident. Before going to New Jersey he had lived with his uncle, and after the accident had gone back to him; but that he did not so return until after the action was brought is made plain by the plaintiff's avowal of the facts. His uncle testified that while at Amboy the plaintiff "came home Saturdays and holidays." It is inferable that before the plaintiff went to New Jersey the mother lived near the uncle, and that the plaintiff was much with the uncle. But did the plaintiff regard Westchester county as his home when he voted in New Jersey in 1909, and while he supported his family there, which was until January, 1910, and while he lived with his mother and sisters until August of that year. The truth appears, and does not enable even a most unfortunate man, a nonresident, to import to this state his cause of action, arising under the statute of New Jersey, against a foreign corporation.

I refrain from passing upon the merits, for the reason that the court should not decide that of which it has not jurisdiction. The judgment and order should be reversed, with costs.

Jugment and order reversed, with costs, and complaint dismissed, with costs. All concur.