2. JUDGMENT ☞173—DEFAULT—OPENING—ORDERS—SCOPE OF.
    Under Code Civ. Proc. § 767, defining the form of an order, an order denying a motion to open a default should recite all of the papers used upon the hearing, or, if a short form order, refer to .the papers by number.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 340; Dec. Dig. ☞173.]

Action by Joseph Solomon against David Rothbaum and another. There was a default judgment for plaintiff, and defendants appeal, and by second notice appeal from a memorandum denying their motion to open the default. On motion to dismiss the appeals. Motions granted.

Argued January term, 1916, before GUY, P. J., BIJUR and GAVE-GAN, JJ.

Bernard F. Nathan, of New York City, for appellants.

Mortimer W. Solomon, of New York City, for respondent.

PER CURIAM. [1, 2] The defendants, by notice of appeal dated December 22, 1915, appealed from a judgment in favor of the plaintiff entered by default, and by a second notice of appeal, dated December 23, 1915, appealed from "a memorandum denying the motion to open the. default." No appeal lies from a "memorandum," and no appeal lies from a default judgment. Section 154, Municipal Court Code. There should be an order entered denying the motion to open the default, which should recite all the papers used upon the hearing, or a short form order, referring to the papers used by number. Section 767, C. C. P.; Kirschner v. Abbott's Bakeries, Inc., 156 N. Y. Supp. 107.

Motion to dismiss appeals granted.

---

RUBEL v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Appellate Division, Second Department.    January 14, 1916.)

1. RAILROADS ☞33—FOREIGN RAILROAD CORPORATIONS—ACTIONS—VENUE.
    Regarding place of trial of an action against a foreign corporation, though a railroad company, it is not a resident of the county in which it was sued, not maintaining an office, nor working its railroad, nor transacting any business therein, but of the county in which is its office and principal place of business.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 70, 71; Dec. Dig. ☞33.]

2. COURTS ☞14—JURISDICTION—ACTION BETWEEN NONRESIDENT AND FOREIGN CORPORATION.
    The courts of the state have jurisdiction of an action for negligence by a nonresident against a foreign corporation doing business in the state; Code Civ. Proc. § 1780, subd. 4, as added by Laws 1913, c. 60, authorizing action by such a person against such a corporation for any cause of action.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 39; Dec. Dig. ☞14.]

Appeal from Special Term, Westchester County.

Action by John Rubel against the Central Railroad Company of New Jersey. From an order as resettled so far as granting motion to change place of trial, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

Sydney A. Syme, of Mt. Vernon, for appellant.

Robert Thorne, of New York City, for respondent.

JENKS, P. J.   [1] The plaintiff sued the defendant in the county of Westchester for negligence. The defendant duly moved for a change of venue to the county of New York, upon the ground that the latter was the proper county. It showed without dispute that it was a foreign corporation, with its office and principal place of business in New York City; that it did not maintain an office nor transact any business or work its railroad in the county of Westchester; and that the plaintiff was a nonresident of this state. I think that the Special Term rightly granted the motion. In Finch School v. Finch, 144 App. Div. 687, 129 N. Y. Supp. 1, we held that upon such a motion a domestic corporation is deemed to be a resident of the county in which it has its principal office and place of business. And in Polley v. Lehigh Valley Railroad Co., 138 App. Div. 636, 122 N. Y. Supp. 708, affirmed 200 N. Y. 585, 94 N. E. 1098, the court said that the reasoning that applies to domestic corporations as to matters of residence applies to foreign corporations. I think, therefore, that for the purposes of this motion, and upon this record, the residence of the defendant must be found in the county of New York. This decision does not conflict with Polley's Case, supra, nor with Poland v. United Traction Co., 88 App. Div. 281, 85 N. Y. Supp. 7, affirmed on opinion below 177 N. Y. 557, 69 N. E. 1129, cited in Polley's Case, supra. In Poland's Case, supra, it was said that it seemed to be settled that in the case of a railroad corporation its place of residence must be ascertained by its place of business; if it have several places of business, it must also be deemed to have several places of residence; and it was upon this principle that the court in those cases held that the railroad company, for the purposes of the venue, would be held resident of any county through which it worked its road.

[2] Subdivision 4 of section 1780 of the Code of Civil Procedure, added by chapter 60 of the Laws of 1913, makes obsolete our decision in Klunck v. Pennsylvania R. R. Co., 148 App. Div. 786, 133 N. Y. Supp. 207.

I advise that the order be affirmed, with $10 costs and disbursements. All concur.