## SUPREME COURT.

JOHN CONROE and others agt. THE NATIONAL PROTECTION INSURANCE COMPANY.

If a demand that the place of trial of any action be changed to the proper county is made pursuant to § 126 of the Code, the defendant need not move to change the place of trial until after the time to amend the complaint expires.

Corporations, created under the laws of this state, are *residents* of the county where the office of the company is located, and its general business carried on; and where the plaintiffs are non-residents, such corporation defendant is entitled to have the action tried in the county where the corporation is located.

If the proper county is not designated in the complaint, the court, on application, will change the place of trial.

*Saratoga Special Term, Feb.,* 1855.

THE action is on a policy of insurance, and was commenced on the 4th Nov. 1854. The place of trial laid in the complaint is the county of Albany. On the 8th of November, the defendants' attorneys served a demand that the trial be had in .Saratoga county. The cause was put at issue by the service of an answer on the 12th of December. The plaintiffs, at the commencement of the action, were non-residents of the state, and the defendants' place of business was in Saratoga county. On these facts the defendants' attorneys ask for an order, changing the place of trial from the county of Albany to the county of Saratoga.

A. POND, *for the motion.*

MR. BEARDSLEY, *opposed.*

BOCKES, Justice. It is urged, in opposition to this motion, that the defendants have lost their right to the order by omitting to move at an earlier day. The demand for a change of the place of trial was served on the 8th of November, and the

answer was served on the 12th of December. It was competent for the plaintiffs, at any time after the service of the demand, to have assented to it; or they could await their time to serve an amended complaint, and therein designate the proper county.

The defendants should not be charged with *laches,* until the plaintiffs had answered the demand, or until their time to comply with it by the service of an amended complaint had expired.

The important question on this motion is, whether a corporation can be deemed to have a *residence.* In law they are regarded as persons, and are treated for many purposes as citizens and inhabitants. (*Louisville & R. Co.* agt. *Letson,* 2 *How.* 497; *The People* agt. *The Utica Ins. Co.,* 15 *John.* 358, 382; *Ontario Bank* agt. *Bunnell,* 10 *Wend.* 186; *Sherwood* agt. *Sar. and Wash. R. Co.,* 15 *Barb. S. C. R.* 650.) Corporations must be deemed to be persons, in order to secure an equal distribution of the burdens of government, from which they, in common with individuals, receive advantages.

The same necessity demands that they should be deemed to have a residence. It has been decided that a foreign railway company may be compelled to give security for costs, as an absent or non-resident plaintiff. (*Limerick and Waterford Railroad Co.* agt. *Fraser,* 4 *Bing.* 394; *Edinburgh and Leith Railroad Co.* agt. *Dawson,* 3 *Jurist,* 55; *Kilkenny Railroad Co.* agt. *Fielding,* 2 *Eng. Law & Eq. R.* 388.) In *The Bank of the U. States* agt. *M'Kenzie,* (2 *Brockenborough,* 395,) it was held that the corporation had a residence, and located it at Richmond; and in *Louisville & R. Co.* agt. *Letson,* (2 *How. U. S. Rep.* 497,) it was decided that the company was a citizen of the state which created it; and in *Cromwell* agt. *Charleston Ins. Co.,* (2 *Richardson,* 512,) the court held the corporation to be within the operation of a statute giving jurisdiction to the city over *persons residing* within its territorial limits. (*See also The People* agt. *The Trustees of Geneva College,* 5 *Wend.* 211.) These authorities proceed, too, on the ground that the place of business of a corporation is its residence. In *Glazie* agt. *S. C. Railroad*

*Co.*, (1 *Strobhart*, 70,) the court remark, that the residence o a company is most obviously where it is actively present in the operations of its enterprise. *Allen* agt. *The Pacific Ins. Co.*, (21 *Pick.* 257,) is not an authority in the question under discussion. In that case the plaintiff was a non-resident, and by the law of that state [Mass.] a plaintiff living out of the state might bring his action in any county. His non-residence gave him the right to select the place of trial. But by § 125 of the Code, the proper county for the trial of this action is that in which the parties, or some or one of them, resided at the commencement thereof.

The plaintiffs were non-residents of the state—hence the decision of this motion depends upon the question in regard to the defendant's residence; and the conclusion arrived at is, that a corporation must be deemed to have a residence, and that its place of business is its place of residence.

It has been adjudged, upon principles of justice and equity, that corporations were, in law, to be regarded as persons, citizens, and inhabitants. The same considerations demand that their place of business should be deemed their residence. Then their rights, privileges, duties, and obligations will closely approximate to those of natural persons, and many perplexities in the administration of justice will be obviated.

The motion must be granted.