WILLIAM JAY *v.* THE LONG ISLAND R. R. COMPANY.

A married woman may execute a valid assignment of a cause of action, relating to her separate property, without the joining of her husband; and this, notwithstanding she derived the property through her husband.

An action may be maintained, in a District Court of the city of New York, against a corporation which has any place for the transaction of business in that city. It is not necessary that its general business should be transacted within the city; nor is it necessary that it should be sued in the district in which its general business is transacted. It may be sued in any district in which it has a place of business.

The provision of section 23 of the act of 1862 (Laws of 1862, 970), that "no person, who shall have a place of business in the city of New York, shall be deemed to be a nonresident," &c., includes corporations. Hence, a corporation, having any place of business in the city, must be sued by long summons.

An objection to jurisdiction, in a District Court, must be taken at the trial, or it will be deemed to have been waived.

APPEAL by the defendants from a judgment rendered in a District Court.

The facts sufficiently appear in the opinion of the Court.

*S. B. Noble*, for appellants.

*Flamen B. Chandler*, for respondent.

BY THE COURT.—BRADY, J.—Mary F. Butterworth, in July, 1863, in company with her husband, took the morning train on the defendants' road, from Syossett, for Hunter's Point. They had some trunks, and a box, which contained lace. The box was handed to a man in the baggage car, and a check for it requested, but he said that it could not be given, as the checks had been left at Hunter's Point. The box was not safely carried, and this action was brought to recover the value of the contents. It appeared on the trial that the lace belonged to Mrs. Butterworth, but whether by gift from her husband or purchase from her own funds or estate, or both, was left in doubt. It also appeared that the claim had been assigned to the plaintiff,

because Mrs. Butterworth did not wish to be a witness, but, nevertheless, that the assignment was absolute and unconditional. The only evidence on that subject was that given by the plaintiff, who was called by the defendants, and who stated, unqualifiedly, that he owned the claim, and that no understanding or reservation was made to the contrary, when the claim was assigned. It did not appear that the plaintiff did not reside in the district in which the action was brought, or that the defendants had a place of business or office in which its *general business* was transacted, but it did appear that the President of the Long Island Railroad Company had been personally served with the summons, and that the defendants had an office in this city, for the sale of tickets and for checking baggage. The point most elaborately discussed, on the part of the appellants, is that the defendants could not be sued in a District Court, because they had no office in this city for the transaction of their general business, and no part of their track was laid in it. The answers to these propositions may be briefly stated. The objection to the jurisdiction does not appear to have been distinctly taken at the trial, and is waived (Laws of 1857, in relation to District Courts, 1 vol. p. 707, § 45). That is not, however, important, because if it had been, it would not have availed the defendants. Section 4, subdivision 2, of the act mentioned, provides that if the defendant be a corporation created by law, the action is to be brought in a court held in the district in which the plaintiff resides, *or* the defendant transacts its general business, *or* keeps an office, *or* has an agency established for the transaction of business. It must be assumed, in the absence of proof to the contrary, that the plaintiff resided in the district in which this action was brought, and that gave the justice jurisdiction. The plaintiff may bring his action either in the district in which he resides, or the defendant being a corporation, *in one in which* it transacts its general business, *or* has an agency established for the transaction of business, *or* keeps an office. The limit is not to a district in which the general business is transacted. It is enough that there is an agency for the transaction of business, or that the defendant keeps an office. The defendants in this action kept an office, and might have been sued in the district in

which such office was located. This refutes the argument that a corporation cannot be sued in a District Court, unless its general business is transacted within the city of New York. The statute expressly confers jurisdiction, as we have seen, although such is not the case. The appellants also present the point that they were sued by a summons returnable in more than four days from its date ; that they should have been sued in accordance with the provisions of section 13 of the act mentioned, as non-residents. The answer to that objection is, that the amendment to the act of 1857, *supra*, passed in 1862 (Laws, p. 970, § 23), provides that, " no person who shall have a place of business in the city of New York, shall be deemed to be a nonresident, under the provisions of this act," and that by the 80th section of the act of 1857, the word person, when employed, includes a corporation, as well as a natural person. It is not necessary that the defendants should, under the provisions of these sections, have a place where their general business is transacted. It is sufficient if, in the language of the statute, they have a place of business. Whatever would be sufficient to place a natural person within the purview of the statute, must be enough to include a corporation, when a defendant. Keeping an office by an individual for the sale of any thing connected with his business, would, beyond all doubt, for the purposes of these sections, make it a place of business. These conclusions dispose of the questions relating to the jurisdiction of the justice before whom the case was tried, both under the provisions of section 45, *supra*, and the other sections of the act of 1857, and amendments referred to. It is said, however, that the property belonged to the husband of the assignor, who did not unite in the assignment. Prior to the statute of 1862 (Laws, p. 343) it is extremely doubtful whether the plaintiff could have maintained this action on the individual assignment of Mrs. Butterworth, but now there can be no doubt that he was the lawful owner of the claim by assignment from Mrs. Butterworth. The act of 1860 (Laws, p. 158), by the 7th section, provided that any woman, while married, might sue and be sued in all matters relating to her separate estate, which might thereafter come to her by descent, devise, bequest, or gift of any person, *except her husband*, in the

same manner as if she were single. The Legislature, in 1862, (Laws, § 3), amended the 7th section of the laws of 1860, by striking out the words, " except her husband," and vested her, thereby, with the right to sue, in relation to her property, by gift of any person, and consequently by gift from her husband. We must assume that by striking out of the section the words mentioned, it was intended that property by gift from the husband was to be regarded, legally, as if given by a stranger. Mrs. Butterworth having the right to sue, she could, under the provisions of the same acts, dispose of her claim. The plaintiff was, therefore, the owner of the demand sought to be enforced. The evidence does not sustain the conclusion that the assignment was not intended to convey the assignor's interest, as already suggested. The finding of the justice cannot be said to be unsupported by proof, and there is no conflict on the subject. The judgment, for these reasons, should be affirmed.

Judgment affirmed.