### H. B. SCHARMANN & SONS v. DE PALO.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

ACTIONS—VENUE—FOREIGN CORPORATIONS—JURISDICTION—PLACE OF BUSINESS.
    Under Laws 1897, c. 378 (Greater New York Charter, § 1370), providing that an action in a municipal court by a nonresident of the city must be brought in the district in which the defendant resides, while an action by a resident may be brought in the district in which either the plaintiff or defendant resides, and that no person having a place of business in said city shall be deemed a nonresident, and Statutory Construction Law, § 5, providing that the term "person" includes corporations, a foreign corporation having a place of business in the city may bring an action in a municipal court in the district in which such place of business is located.

Appeal from municipal court, borough of Brooklyn, First district.
Action by H. B. Scharmann & Sons against Tommaso De Palo. From a judgment in favor of plaintiff, defendant appeals. Affirmed.
    Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Martin Wechsler, for appellant.
Charles L. Hoffmann, for respondent.

SEWELL, J. The complaint alleges that the plaintiff is a foreign corporation, organized under the laws of the state of New Jersey, and doing business in the city of New York, borough of Brooklyn. Before the joinder of issue, the defendant in open court demanded that the action be transferred from the First district of the borough of Brooklyn to the Second district of the borough of Manhattan. The demand was based upon the complaint and an affidavit of the defendant that he resides at No. 189 Hester street, which is within the jurisdiction of the Second district of the municipal court of the city of New York, borough of Manhattan. In answer to the defendant's affidavit, the plaintiff submitted an affidavit stating that its principal place of business is at the corner of Hamilton avenue and Conover street, which is within the First district of the borough of Brooklyn. The court denied the application to transfer the action. The motion was renewed upon the trial and denied, and judgment was rendered in favor of the plaintiff.

Section 1370 of the Greater New York charter (chapter 378, Laws 1897), so far as it has any bearing upon the point under consideration, provides that an action in a municipal court must be brought in the district in which either the plaintiff or the defendant, or one of the plaintiffs or one of the defendants, resides; and by a plaintiff not residing in the city of New York in the district in which the defendant or one of the defendants resides; and that "no person who shall have a place in said city for the regular transaction of business shall be deemed a nonresident." It also provides that, if the district in which the action is brought is not the proper district, the court must, upon the demand of the defendant, make an order transferring the action to the proper district. It is insisted by the counsel for the appellant that it cannot be said of a corporation that it is a person, and that a foreign corporation cannot be a resident of this state. It is quite true that a foreign corporation has but one domicile, namely, in the sovereignty which incorporates it. But it is equally true that a state may authorize it to transact business within its boundaries, or permit it to institute, maintain, and defend suits in any of its courts. Code Civ. Proc. §§ 1779, 1780; Gibbs v. Insurance Co., 63 N. Y. 114, 20 Am. Rep. 513. Instances are numerous where the term "person" or "persons," as used in the statutes, has been construed to include corporations. People v. Utica Ins. Co., 15 Johns. 358, 8 Am. Dec. 243; 2 Rev. St. p. 778, § 11; section 3, c. 536, Laws 1857. By section 5 of the statutory construction law it is provided that the term "person" includes a corporation and a joint stock association. It appearing that the plaintiff had a place for the regular transaction of business in the First district of Brooklyn, we are of opinion that plaintiff was entitled to bring this action in that district, and that the court did not err in refusing to transfer it upon the demand of the defendant. The other errors claimed are not of sufficient importance to require special reference to them.

The judgment should be affirmed, with costs. All concur.