7 Am. Rep. 418; Mott v. Consumers' Ice Co., 73 N. Y. 543; Craven v. Bloomingdale, 171 N. Y. 439, 64 N. E. 169, reversing 54 App. Div. 266, 66 N. Y. Supp. 525. There was no evidence to show that the servant injuring plaintiff was an incompetent or improper servant, nor that the master had any notice that he was not a perfectly proper man for the service. The complaint must be dismissed, and judgment is ordered in favor of the defendant, with costs.

Complaint dismissed, and judgment ordered in favor of defendant, with costs.

---

GOLDZIER v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Appellate Term. May 5, 1904.)

1. MUNICIPAL COURT—JURISDICTION—PLAINTIFF CORPORATION.
   The quoted words in Municipal Court Act, § 25, subd. 2 (Laws 1902, p. 1497, c. 580), providing that an action must be brought, if the defendant be a corporation, in a district in which plaintiff resides, or in which, if it be a corporation, "it transacts its general business," etc., refer to a plaintiff corporation.

2. SAME—NONRESIDENT PLAINTIFF—FOREIGN CORPORATION DEFENDANT.
   Under Municipal Court Act, § 25, subd. 3 (Laws 1902, p. 1497, c. 580), providing that an action by a nonresident plaintiff must be brought in the district in which defendant resides, and that no person who has a place in the city for the regular transaction of business shall be deemed a nonresident, a foreign corporation having an office in each of two districts for the regular transaction of business may be sued in either district, without regard to the relative importance of the offices.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Julia Goldzier against the Central Railroad Company of New Jersey. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Charles Goldzier, for appellant.
Arthur S. Hamlin and Robert Thorne, for respondent.

GREENBAUM, J. The action was originally brought in the Municipal Court, borough of Manhattan, Sixth District, and, on motion of defendant, made upon joinder of issue, it was removed to the First District Court. When the cause was called for trial in the latter place, the plaintiff objected to the jurisdiction of the court upon the ground that the cause had been improperly removed. The plaintiff having refused to go to trial, the complaint was dismissed, on motion of defendant, with costs.

The undisputed facts upon which the action was removed to the First District show that the plaintiff is a nonresident of this city; that the defendant is a foreign corporation having a general office for the regular transaction of business within the limits of the First District Court, and also having an office or agency for the sale of tickets within the boundaries of the Sixth District Court.

The solution of the question at issue involves the construction of section 25 of the Municipal Court act, subdivisions 1, 2, and 3 of which are as follows:

"Sec. 25. An action or proceeding of which the Municipal Court has jurisdiction must be brought: (1) In a district in which either the plaintiff or defendant or one of the plaintiffs or one of the defendants resides, unless all the plaintiffs or all the defendants reside out of the city of New York, in which case the action or proceeding may be brought in said court in any district. (2) If the defendant be a corporation created by law, in a district in which the plaintiff or either of the plaintiffs resides, or in which (if it be a corporation) it transacts its general business or keeps an office or has an agency established for the transaction of business or is established by law, except the corporation of the city of New York, which may sue or be sued in any district, except as provided for in subdivision five of this section. (3) By plaintiffs not residing in the city of New York, in the district in which the defendant, or one of the defendants resides, and against a defendant or defendants, not residing in said city, in the district in which the plaintiff or one of the plaintiffs resides; but where all the parties reside out of said city, the action may be brought in any district. No person who shall have a place in said city for the regular transaction of business shall be deemed a nonresident under the provisions of this act." Laws 1902, p. 1497, c. 580.

The contention of appellant that subdivision 2 of section 25 was designed to confer jurisdiction against a corporation defendant in the district in which "it transacts its general business or keeps an office or has an agency established for the transaction of business," is not well taken, as that section obviously refers to a case against a defendant corporation where plaintiff is also a corporation, and where the latter transacts business, as above quoted. Subdivision 3 specifically refers to an action brought by a plaintiff not residing in the city of New York, and is applicable to the case at bar. In such case the action must be brought in the district in which the defendant resides. The question therefore is, in what district is defendant's residence?

Subdivision 3 also provides that "no person who shall have a place in said city for the regular transaction of business shall be deemed a nonresident under the provisions of this act." A corporation is included in the term "person," as used in the statutes (Scharmann v. De Palo, 66 App. Div. 29, 30, 72 N. Y. Supp. 1008), and is deemed to have a residence (Conroe v. National Protection Insurance Company, 10 How. Prac. 403, 405). A foreign corporation, being a nonresident in fact, becomes, for the purpose of conferring jurisdiction, by fiction of the law, a resident of the city, if it has a place therein for the regular transaction of business. In determining the particular Municipal Court in which the action against such corporation may be brought, it is important, however, to ascertain in what particular district in the city it may be deemed a resident. Inasmuch as the residence of such a corporation is purely arbitrary, for the reason heretofore stated, it is obvious that, if such a corporation maintains a number of different establishments for the regular transaction of business in as many different districts of the city, it would, for the purpose of jurisdiction, have a legal residence in each of these districts. In such case the test of residence would in no wise depend upon the volume of the business which may be done in an establishment located in one district over establishments located in other districts, because the statute declares

no such test. It is sufficient, for the purposes of conferring jurisdiction, to show that the corporation has a place "for the regular transaction of business"—a conclusion which is entirely harmonious with subdivision 18 of section 1 of the Municipal Court act, which provides, "The jurisdiction extends to actions against the city of New York, a domestic corporation, or a foreign corporation, having an office in the city of New York. * * *" The result arrived at is not unlike that which would arise, under subdivision 2, in the case of a defendant corporation being sued in a Municipal Court by a plaintiff corporation in the district in which the latter "transacts its general business or keeps an office or has an agency established for the transaction of business." In such case an action might properly be brought in any district in which the plaintiff corporation has a place of business. This construction was distinctly placed upon words precisely like those used in subdivision 2, above quoted, in the provision conferring jurisdiction upon the former District Courts in this city, under section 4, c. 344, p. 708, Laws 1857, in actions against corporations. Jay v. Long Island R. R. Co., 2 Daly, 401.

As the conceded facts show that the defendant is a corporation having a place for the transaction of business in the Sixth District, the Municipal Court of that district had jurisdiction to maintain the action which the plaintiff brought, and it therefore follows that the order of transfer in this case made was not warranted. The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event, and the cause remitted to the Sixth District Court for trial. All concur.