(56 Misc. Rep. 670.)

### SOMMESE v. FLORENCE DISTILLING CO.

(Supreme Court, Appellate Term. December 12, 1907.)

1. COURTS—MUNICIPAL COURT—JURISDICTION—FOREIGN CORPORATIONS.

Municipal Court Act, Laws 1902, p. 1496, c. 580, § 20, declares that the provisions of the Code of Civil Procedure are not to be deemed applicable to the Municipal Court when in conflict with the provisions of that act. Section 1, subd. 18 (page 1489) provides that the jurisdiction of the Municipal Court extends to actions against a foreign corporation having an office in New York City. Subdivision 3 of section 25 (page 1497), which section specifies the several districts in which actions in that court must be brought, after providing that, where all the parties reside out of the city, the action may be brought in any district, declares that no person who shall have a place in the city for the regular transaction of business shall be deemed a nonresident within the act. *Held*, that the Legislature intended simply to provide that, where a nonresident should have a place of business in New York City, such place of business should be deemed his residence for the purpose of determining in what district an action to which he was a party should be tried, if the Municipal Court had jurisdiction, and not to confer on the court jurisdiction over a nonresident defendant in an action of which it would otherwise not have jurisdiction; and hence the Municipal Court has no jurisdiction over foreign corporations, except those who are parties to actions of which the court has jurisdiction independent of such provision as to residence and who have a place for the transaction of business in New York City, and its jurisdiction does not extend to an action against a foreign corporation by a nonresident on a cause of action arising out of the state, such action not coming within Code Civ. Proc. § 1780, specifying cases in which a foreign corporation may be sued by a nonresident.

2. STATUTES—CONSTRUCTION—"PERSONS."

A corporation is included in the term "person," as used in the statutes.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 277.

For other definitions, see Words and Phrases, vol. 6, pp. 5322–5335; vol. 8, p. 7752.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Carmine Sommese against the Florence Distilling Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BRUCE and GUY, JJ.

Francis Colety, for appellant.
Bloch & Hoffman, for respondent.

GILDERSLEEVE, P. J. The plaintiff obtained judgment, and the defendant bases its appeal on the ground that the court below had no jurisdiction over the case, for the reason that the plaintiff is a nonresident, defendant is a foreign corporation, and the cause of action

arose out of the state.   Section 1780 of the Code of Civil Procedure provides, among other things, that:

"An action against a foreign corporation may be maintained by * * * a nonresident in one of the following cases only:   (1) Where the action is brought to recover damages for the breach of a contract made within the state, or relating to property situated within this state, at the time of the making thereof.   (2) Where it is brought to recover real property situated within the state, or a chattel which is replevied within the state.   (3) Where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state."

The case at bar comes within none of the subdivisions above quoted of section 1780 of the Code.   At the end of the case, however, it was conceded on the record that defendant has "a place for the regular transaction of its business at 11 Broadway, in the borough of Manhattan, city of New York."   Section 20 of the Municipal Court act (Laws 1902, p. 1496, c. 580) provides, in substance, that, while the provisions of the Code are in general applicable to the Municipal Court, they are not to be deemed applicable when in conflict with the provisions of the Municipal Court act.   Section 25, subd. 3, of the Municipal Court act (Laws 1902, p. 1497, c. 580), provides among other things that:

"No person who shall have a place in said city for the regular transaction of business shall be deemed a nonresident under the provisions of this act."

A corporation is included in the term "person," as used in the statutes.   See Scharmann v. De Palo, 66 App. Div. 29, 30, 72 N. Y. Supp. 1008;   Goldzier v. Central R. R., 43 Misc. Rep. 667, 88 N. Y. Supp. 214.   Section 1, subd. 18, of the said act provides that the jurisdiction of the Municipal Court "extends to actions against * * * a foreign corporation having an office in the city of New York."   It was stated by this court in the case of Goldzier v. Central R. R., 43 Misc. Rep. 667, 88 N. Y. Supp. 214:

"A foreign corporation, being a nonresident in fact, becomes, for the purpose of conferring jurisdiction, by fiction of the law a resident of the city, if it has a place therein for the regular transaction of business."

That case involved the question of the proper place of trial in an action brought by a nonresident plaintiff against a foreign corporation having a place of business within the city, and it was held that in such an action the trial was properly removed, upon the application of the defendant, to the district where it had its place of business.   Title 2 of the Municipal Court act begins with section 25, and that section is entitled:   "In What District Brought."   It contains five subdivisions, specifying the several districts in which actions in that court must be brought.   Subdivision 3, after providing that " * * * where all the parties reside out of said city the action may be brought in any district," continues thus:

"No person who shall have a place in said city for the regular transaction of business shall be deemed a nonresident under the provisions of this act."

It is clear that the Legislature intended to provide simply that, where a nonresident shall have a place of business in this city, such place of business shall be deemed his residence for the purpose of determining

in what district the action shall be tried; and it was not the intent of the Legislature to confer jurisdiction upon the Municipal Court over a nonresident defendant in an action of which, except for such provision as to residence, the court would have no jurisdiction. Further than this we should not go. The effect of upholding the jurisdiction of the Municipal Court, under the circumstances presented in the case at bar, would be to hold that that court has a greater jurisdiction than the Supreme Court. Such a result, certainly, could not have been intended. The meaning of the Legislature must be construed to have been that, where the Municipal Court has jurisdiction of the cause of action, such jurisdiction would extend to a foreign corporation having a place for the transaction of business within this city. Progressive Power Co. v. Bridge Co., 14 Misc. Rep. 23, 35 N. Y. Supp. 130. In the case at bar it had no jurisdiction over the cause of action, which arose out of the state, and its jurisdiction did not extend to the defendant.

Judgment reversed, with costs, and complaint dismissed. All concur.