No. 21,425.

JOHN NOWAK, *Appellant*, v. THE BANKERS LIFE INSURANCE COMPANY, and E. E. McCORKLE, *Appellees*.

SYLLABUS BY THE COURT.

FOREIGN INSURANCE CORPORATION—*Service upon Superintendent of Insurance—County in Which Action May be Brought*. A foreign corporation which, in accordance with the statute, has consented that actions may be commenced against it in any county in which the cause arose, or the plaintiff resides, by the service of process on the superintendent of insurance, is not thereby rendered liable to be sued in the county in which the state capital is located, under a provision of the statute authorizing a transitory action to be brought against a foreign corporation in any county where it may be found.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed December 7, 1918. Affirmed.

*W. H. Jamison*, *W. I. Jamison*, and *J. H. Jensen*, all of Topeka, for the appellant.

*E. R. Sloan*, and *Guy L. Hursh*, both of Holton, for the appellees.

The opinion of the court was delivered by

MASON, J.: John Nowak filed in the district court of Shawnee county a petition on two causes of action alleged to have arisen in Nemaha county, where he resides, against the Bankers Life Insurance Company, a Nebraska corporation, which had obtained permission to do business in this state, consenting that process directed against it might be served upon the superintendent of insurance in accordance with the statute. (Gen. Stat. 1915, § 5213.) Summons was issued and served upon that officer. The defendant appeared specially and attacked the validity of the service. The court held it to be void, and the plaintiff appeals.

The statute cited provides that "actions against any such insurance company may be brought in any county where the cause of action arose or in which the plaintiff may reside." The plaintiff, however, contends that this language is merely permissive and not restrictive. The defendant concedes that "the various methods provided by statute for obtaining service of process on foreign corporations are cumulative." (*Betterment Co. v. Reeves,* 73 Kan. 107, syl. ¶ 3, 84 Pac. 560.) The plaintiff invokes the provision of the code that a transitory action against a corporation "may be brought in any county . . . where said defendant may be found" (§ 53), and contends that as the defendant has consented that summons against it may be served by delivering a copy to the superintendent of insurance, it may be summoned in Shawnee county, and therefore, within the meaning of the statutory language last quoted, "may be found" there. The difficulty with this reasoning is that the defendant has not given its consent that summons may be served upon it through the superintendent of insurance in all cases, but only in those referred to in the statute, the language of which is that such a company "shall file in the insurance department its written consent, irrevocable, that actions may be commenced against such company in the proper court in any county in this state in which the cause of action shall arise or in which the plaintiff may reside by the service of process on the superintendent of insurance of this state." (Gen. Stat. 1915, § 5213.) When this method of service is re-

lied upon, the action, by the terms of the statute, must be brought in the county where the cause arose or where the plaintiff resides. Therefore, the circumstance that there is at the seat of government a public officer upon whom the summons, in an action against it, begun in the proper court, may be served, does not create a condition under which it may fairly be said that the defendant may be "found" in Shawnee county.

The judgment is affirmed.