No. 36,583

THE STATE OF KANSAS, *ex rel.* A. B. MITCHELL, Attorney General, *Appellant,* v. THE ANCIENT ORDER OF UNITED WORKMEN OF KANSAS, *Appellee.*

(168 P. 2d 522)

Opinion filed May 4, 1946.

*Shelley Graybill,* assistant attorney general, argued the cause, and *A. B. Mitchell,* attorney general, and *L. P. Brooks,* assistant attorney general, were on the briefs for the appellant.

*J. G. Somers* and *J. Rodney Stone,* both of Newton, argued the cause, and *Arthur N. Turner* and *Bernard Peterson,* both of Newton, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by the state on the relation of

the attorney general to enjoin defendant, The Ancient Order of United Workmen of Kansas, from soliciting new insurance business in this state, or, in the alternative, to enjoin it until it complied with the requirements of the state commissioner of insurance.

The action was filed in the district court of Shawnee county and service of summons was had on the state commissioner of insurance at his official residence in Topeka, Shawnee county. The return of the commissioner showed there was no general agent of the defendant insurance company residing in the state to whom a certified copy of the summons could be sent. He forwarded such copy to the secretary of the defendant at its home office in Newton, Harvey county. The defendant filed a motion which reads:

"Comes now The Ancient Order of United Workmen of Kansas, the defendant above named, appearing specially and for the purposes of this motion and for no other purposes and moves the court to set aside the service of summons attempted to have been had upon it by serving the same upon Chas. F. Hobbs, as Commissioner of Insurance of the State of Kansas, *for the reason that no consent has been filed by the defendant herein that service of summons upon the Commissioner of Insurance of the State of Kansas shall be binding upon it in the instant case.*" (Our italics.)

The district court sustained the motion on the theory G. S. 1935, 40-218, commonly known as the "service consent" statute, was not intended to apply to an action of this character and that the action was not filed in the proper court.

From that order plaintiff appeals. The question now, of course, is not whether the petition states a cause of action. The sole issue presented is whether this action may be filed and maintained in the district court of Shawnee county. That depends upon the validity of the service. In view of the order of the trial court it may be helpful to briefly observe the nature of the instant action. It was primarily an injunction suit. The petition, in substance, alleged:

The office of the relator, the attorney general of the state of Kansas, is in Topeka, Shawnee county; defendant is a fraternal benefit society; it was insolvent and its liabilities exceeded its assets by $262,369.07; defendant has used its mortuary fund for expense purposes contrary to G. S. 1935, 40-705; defendant has conducted its business fraudulently with respect to reports to the Veterans' administration concerning insurance certificates; defendant has continued to solicit applications for and to issue certificates of insurance without authority from the commissioner of insurance;

defendant has failed to make reports to the insurance commissioner in Shawnee county within sixty days concerning amendments of its bylaws as required by G. S. 1935, 40-708; defendant's officers and directors have violated the bylaws of the society (stating the alleged violations); an investigation of defendant's books and records by the commissioner of insurance in his office in Shawnee county revealed the insolvency of the defendant and certain irregularities; the commissioner made findings and requirements for defendant to meet within sixty days, but the defendant has failed to meet the requirements and has failed to make a report of any kind to the insurance department with reference to such findings and requirements; the insurance commissioner, as required by G. S. 1935, 40-713, gave written notice to the attorney general of defendant's acts and failure to comply with his requirements; although the commissioner of insurance withdrew all authority from defendant to conduct a business of insurance in the state on August 29, 1945, and although the defendant is without a license to conduct such business it has continued to solicit applications for and to issue certificates of insurance and will continue to do so unless enjoined; if defendant continues conducting business as an insurance company in its insolvent condition great and irreparable damage will be done to its members and to the public; plaintiff has no adequate remedy at law to prevent such damage.

The pertinent provisions of G. S. 1935, 40-713, are:

"*Any society authorized to do business under the provisions of this article refusing or neglecting to make the reports provided in this code, or which shall exceed its powers, or shall conduct its business fraudulently . . . or which shall fail to comply with any of the provisions of this act, shall be excluded from doing business within this state.* Whenever it shall come to the knowledge of the commissioner of insurance that any society authorized to do business under the provisions of this article has so conducted its business as to render it liable to exclusion as herein provided, and if, on reasonable notice, such society does not comply with the requirements of such notice, he shall give notice in writing to the attorney general, who shall immediately commence an action *in one of the district courts of this state* to enjoin such society from soliciting any new business within this state. . . In case of a perpetual injunction allowed, under the provisions of this section, against a society incorporated under the provisions of this article or other law of this state, such injunction shall be sufficient cause for the appointment of a receiver by any court of competent jurisdiction, to wind up the affairs of such society. . ." (Our italics.)

The pertinent provisions of G. S. 1935, 40-218, are:

"*Every insurance company, or fraternal benefit society,* on applying for

authority to transact business in this state, and as a condition precedent to obtaining such authority, shall file in the insurance department its written consent, irrevocable, that actions may be commenced against such company or fraternal benefit society *in the proper court of any county in this state in which the cause of action shall arise or in which the plaintiff may reside* by the service of process on the commissioner of insurance of this state, and stipulating and agreeing that such service shall be taken and held in all courts to be as valid and binding as if due service had been made upon the president or chief officer of such corporation. . ." (Our italics.)

On the hearing of appellee's motion to set aside the service of summons appellant produced a certified copy of defendant's letter of consent to be served as provided by the consent statute, the original of which was filed in the office of the state commissioner of insurance in 1924. The written consent followed the language of the consent statute. Appellee admitted it filed the consent with the commissioner of insurance.

In view of the ground of appellee's motion to set aside the service the only question present is whether its consent to acknowledge service on the commissioner of insurance was binding "in the instant case." It will be observed the provisions of G. S. 1935, 40-713, clearly authorize the instant action for at least some of the alleged acts and derelictions of appellee. It likewise will be noted the service consent statute, in conformity with which appellee filed its consent to be served and agreed to acknowledge service so obtained, is in nowise limited or restricted to actions of any particular nature or character. It says that, ". . . *actions* may be commenced against such company or fraternal benefit society. . ." (Our italics.)

Where does it say actions may be commenced? It says, ". . . *in the proper court of any county in this state* in which the cause of action shall arise or in which the plaintiff may reside. . . ." (Our italics.) Under this provision actions may be commenced in any county but it is, of course, required that they be filed in the proper court of the county. That is, they must be filed in some court of the county which is empowered to exercise jurisdiction over the particular controversy in question. It seems to us this intent of the legislature is further fortified by the express language in G. S. 1935, 40-713, pursuant to which the instant action was instituted. That statute says, ". . . the attorney general . . . shall immediately commence an action *in one of the district courts of this state* to enjoin such society. . . ." (Our italics.)

In the proper court of what counties did appellee agree actions might be filed against it? It agreed such actions might be filed in the proper court *of any county in this state* (1) *in which the cause of action shall arise or* (2) *in which the plaintiff may reside.* G. S. 1935, 40-708, provides, in part, as follows:

"Every fraternal benefit society transacting business under this article shall file with the commissioner of insurance a duly certified copy of all amendments of or additions to its constitution and bylaws within sixty days after the enactment thereof."

The petition alleged appellee's failure to make such reports as required by that statute. Manifestly the statute contemplates the report shall be made to the commissioner of insurance at his official place of business in the state capitol at Topeka, Shawnee county. The cause of action based upon the failure to make such reports to the commissioner of insurance arose in Shawnee county. That is where appellee's omission of duty to report occurred. In *State v. Snell*, 131 Kan. 370, 291 Pac. 737, it was held:

"The venue of prosecutions for the refusal or failure of dealers to pay the tax on motor-vehicle fuel to the state oil inspector, as provided by chapter 274 of the Laws of 1925, is at the state capitol in Shawnee county, in which the state oil inspector maintains his office." (Syl. ¶ 1.)

See, also, cases cited in opinion and treatment of subject.

We need not pursue the alleged additional failure of appellee to report to the commissioner of insurance with respect to the requirements made of appellee by the commissioner following the investigation of its financial condition. Having determined the petition alleged a cause of action which arose in Shawnee county it is unnecessary to treat other portions of the petition which allege additional unlawful acts or derelictions of duty which under the provisions of G. S. 1935, 40-713, justify the injunctive relief sought.

Appellee cites *Nowak v. Insurance Co.*, 103 Kan. 778, 176 Pac. 654, and *Shearer v. Insurance Co.*, 106 Kan. 574, 189 Pac. 648, relative to the subject of jurisdiction. They are not in point. In those cases the causes of action did not arise nor did plaintiffs reside in the counties where the actions were filed. Appellee argues that being a domestic company it is not required to file a consent to be served under the provisions of the consent statute. We need not dwell upon the contention. The fact is appellee filed its consent.

Appellee directs attention to the fact the prayer of the petition was amended to ask for the appointment of a receiver. It was so

amended. But G. S. 1935, 40-713, expressly provides that *if a perpetual injunction is allowed* such injunction shall be sufficient cause for the appointment of a receiver by any court of competent jurisdiction. Appellee does not contend, if this action which seeks primarily injunctive relief is properly filed in the district court of Shawnee county, that such court would not have jurisdiction to appoint a receiver. In this connection see *Huston v. Cox,* 103 Kan. 73, 74-75, 172 Pac. 992.

Appellee also contends G. S. 1935, 40-708, does not provide a penalty for failure to report amendments of bylaws to the insurance commissioner. G. S. 1935, 40-713, expressly provides appellee may be excluded from doing business within the state for refusal or neglect to make reports "provided in this code."

In connection with appellee's duty to make reports to the commissioner of insurance it cites the recent case of *Fidelity Life Ass'n v. Hobbs,* ante, p. 163, 166 P. 2d 1001. A careful analysis of the opinion in that case discloses nothing contrary to the views herein expressed.

On the other hand, if the plaintiff resides in Shawnee county appellee likewise has consented to the commencement of the action in that county. Who is the plaintiff in this action? Where the public interest is involved the state is a proper party plaintiff. (*State v. Shufford,* 77 Kan. 263, 267, 94 Pac. 137.) The state is the real party in interest in an action brought by it to correct corporate abuses. (*State, ex rel., v. City of Newton,* 138 Kan. 78, 81, 23 P. 2d 463; *State, ex rel., v. Baker,* 156 Kan. 439, 134 P. 2d 386.) Here the state in reality is the plaintiff. It is the real party in interest. This action is not brought by A. B. Mitchell as an individual. His private residence is not involved. His official residence as attorney general is in the capitol of the state located in Shawnee county. This action is brought by the proper and duly constituted officer of the state. Moreover, in this particular case it is brought by the attorney general, the state's officer expressly designated by the statute. (G. S. 1935, 40-713.) The action, therefore, is by the state on the relation of the attorney general, whose official residence is Shawnee county. That likewise is the official residence of the commissioner of insurance who by express statutory provision is charged with the duty of notifying the attorney general of abuses coming to his knowledge which render appellee liable to exclusion from doing business within the state. (G. S.

1935, 40-713.) In *Stoddard v. Manzella*, 207 App. Div. 519, 203 N. Y. Supp. 136, it was held:

"The county of Albany is the residence of the State Superintendent of Insurance within the meaning of section 182 of the Civil Practice Act, and, therefore, an action by him as liquidator of an insurance company to recover an assessment levied against a policyholder is properly brought in the county of Albany." (Syl.)

In the course of the opinion it was aptly said:

"It has been held that when the People of the State bring an action, since they reside in every county, any county of the State is a proper county for trial. (*People v. Cook,* 6 How. Pr. 448.) It has even been held that for the purpose of laying the venue of an action, an individual may have two residences within the State. (*Bischoff v. Bischoff,* 88 App. Div. 126.) The plaintiff is a public officer of the State of New York. Certainly the residence of himself as an individual is immaterial for as an individual he is not one of the parties to the action. His principal office, and principal place of work, both as Superintendent and as liquidator, is in the city and county of Albany. In a sense the State sues when he sues. If his residence is not as broad as that of the entire people of the State and must be regarded as confined to a single county, then certainly upon every analogy that county is the county of Albany. For these reasons we think the venue is properly laid in Albany county." (p. 520.)

Counsel for appellee argue the New York decision is unsound. They contend the state has no residence for the purpose of venue and cite *Martin v. State* (Tex. Civ. App.) 88 S. W. 2d 131. Of course, there are some legal distinctions between the government of a state and the state itself. We need not labor those refinements here. We do not interpret the Texas case as ruling that the commissioner of insurance of a state or its attorney general do not have official residence in the county in which the state's seat of government is located. In the Texas case the state was a defendant. The question of the official residence of its officers was not involved.

Moreover, in this case appellee knew it was by law subjected to the supervision of the state through its commissioner of insurance whose official residence is in Shawnee county. In its consent to be served in Shawnee county it in nowise excluded actions filed by the state through its duly authorized representative, the attorney general, whose official residence likewise is in Shawnee county.

Other cases cited in the able brief of counsel for appellee on each question presented have received our careful attention. We think

they do not support the order setting aside the service of summons. In the treatment of the question of venue other statutes probably could be considered in aid of the conclusion reached but we do not deem that necessary.

The order setting aside the service of summons is reversed.