BERTHA PRINCE, Respondent, *v.* " ROBERT " WEILAND, First Name Fictitious, Real First Name Unknown to Plaintiff, Appellant.

Supreme Court, Appellate Term, First Department, December 8, 1924.

Trial — change of place of trial in action brought in **Municipal Court of City of New York** — action brought in ninth district in which plaintiff did not reside — defendant has right under **Municipal Court Code, § 17, subd. 2,** to have case removed to district of his residence.

Where an action is brought in the Municipal Court of the City of New York in a district other than that of the residence of the plaintiff, the defendant has the right under subdivision 2 of section 17 of the Municipal Court Code to have

the place of trial changed to the district of his residence, and it is error for the court to change the place of trial to the district in which both parties have their place of business and in which the plaintiff resides.

APPEAL by defendant from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, in favor of plaintiff, after a trial by a judge without a jury.

*Arnstein, Levine & Schwartz* [*Sidney S. Levine* of counsel], for the appellant.

*Bondy & Schloss* [*J. Russell Stein* of counsel], for the respondent.

PER CURIAM:

This action brings up for review an order made transferring the cause of action from the district named in the summons (ninth district, Manhattan) to the seventh district, Manhattan. Defendant moved for the change of venue to the district of his residence, namely, the first district, Bronx, on the ground that the plaintiff did not reside in the ninth district, Manhattan. The affidavit in opposition admits the averments of defendant's affidavit, but makes a cross motion for the transfer of the action to the seventh district, Manhattan, in which both plaintiff and defendant had their business address, and in which plaintiff resided. Section 17, paragraph 2, of the Municipal Court Code provides:

" 2. If the action is brought in the wrong district, it may nevertheless remain there unless the defendant demands that it be transferred. Such demand must be made in writing and filed with the clerk before or at joinder of issue and must specify the district to which the defendant desires the action to be transferred and facts under oath showing that such district is the proper one. The Court must thereupon transfer the action to the proper district, and may in its discretion impose five dollars costs against the plaintiff."

The corresponding section in regard to the place of trial of Supreme Court actions (Civ. Prac. Act, § 186) has been construed as meaning that where plaintiff brings suit in the wrong county the defendant may insist that it be removed to the county of his residence. (*Ferrin* v. *Huxley*, 94 App. Div. 211; *Loretz* v. *Metropolitan St. R. Co.*, 34 id. 1.)

We believe that the practice in the Municipal Court should be made to conform to this rule.

Judgment and order reversed and a new trial ordered in the first district, borough of The Bronx, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, BIJUR and MULLAN, JJ.