FRANK B. ASHLEY, Respondent, *v.* ROYAL INDEMNITY COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, June 15, 1925.

Trial — place of trial — action in New York City Municipal Court, Third District, Manhattan, by plaintiff residing in Second District, Bronx, against defendant, having principal office in First District, Manhattan, should be changed to district within which plaintiff resides, pursuant to Municipal Court Code, § 17, subd. 2 — pleadings — denials in answer as to defendant's knowledge of facts in prior action to which it was not party improperly stricken out — counterclaim setting up judgment in prior action insufficient.

An action brought by the plaintiff, in the Municipal Court, Borough of Manhattan, Third District, New York City, by the plaintiff, a resident of the Second District, Bronx, against a defendant corporation having its principal office in the First District, Manhattan, should be transferred to the Second District, Bronx, since said district was a " proper district " pursuant to the provisions of subdivision 2 of section 17 of the Municipal Court Code.

Denials in defendant's answer as to its knowledge of certain allegations of fact appearing in the record of a prior action between the present plaintiff as defendant and a third person as plaintiff were improperly stricken out for the reason that, since defendant was not a party to the prior action, it is not bound by the record. Nor does the public character of the record impute to it knowledge of the facts alleged in plaintiff's complaint.

Defendant's separate defense and counterclaim reciting the existence of a judgment in a third action, between plaintiff as defendant and the same third party as plaintiff, establishing want of title in this plaintiff to the chattels involved in this litigation, does not state a defense or cause of action and should be dismissed, since the prior judgment, being *res inter alios acta*, is not binding on plaintiff as *res judicata*.

APPEAL by defendant from an order of the Municipal Court, Borough of Manhattan, Third District, granting judgment on the pleadings; also from the judgment entered thereon bringing up for review certain intermediate orders.

*Charles Weg,* for the appellant.

*K. Courtenay Johnston,* for the respondent.

PER CURIAM:

Among the intermediate orders brought up for review by this appeal is a motion to change the venue, made under section 17, subdivision 2, of the New York City Municipal Court Code. There is no dispute about the facts. The plaintiff brought this action in the Third District Municipal Court, Borough of Manhattan. At that time he was a resident of the second district, Bronx. The

11

Appellate Term, First Department, June, 1925.          [Vol. 125

defendant is a corporation which has its principal office in the first district, Manhattan. It moved promptly for the transfer of the action to the second district, Bronx. This was a "proper district" within the provisions of the section above referred to, and the motion should have been granted. (*Prince* v. *Weiland*, 124 Misc. 179, 180.)

Having thus disposed of the appeal, it may nevertheless be useful for the purpose of the new trial to refer to certain other questions appearing in the record. The principal order appealed from is an order granting judgment for plaintiff on the pleadings and striking out as sham and frivolous the denials in the answer, and dismissing the counterclaim as insufficient in law. The denials are of two kinds: (1) Those made on personal knowledge which may not be eliminated unless they appear upon their face to be sham. We do not think that that sufficiently appears. (2) The denials on information and belief which have been stricken out by the learned trial court upon a different theory. The complaint made certain allegations of fact which appear in the record of a prior action between the present plaintiff as defendant and a third person as plaintiff, in which action the present defendant gave a bond to support a warrant in replevin. Since defendant was not a party to that action the record does not bind it nor does the public character of the records impute to it knowledge of the facts. (*Kirschbaum* v. *Eschmann*, 205 N. Y. 127, 133; *Borg* v. *Walmsley*, 170 N. Y. Supp. 305.)

It thus appears that all the denials were proper and require plaintiff to submit proof of the allegations of the complaint in these particulars.

The "separate defense and counterclaim" consists of allegations setting up the existence of a judgment in a third action between plaintiff as defendant and the same third party as plaintiff, which, after the trial of the replevin action already referred to, resulted in a verdict for the third party as against the plaintiff establishing want of title in this plaintiff to the chattels involved in all this litigation. Since that judgment is *res inter alios acta* it is not binding on plaintiff as *res adjudicata*, nor for any other purpose in the present action, and we think that the answer and counterclaim does not state a defense or cause of action.

Judgment and orders reversed, with ten dollars costs to appellant to abide the event, and motion to transfer action to the second district, Bronx, granted.

All concur; present, Bijur, McGoldrick and Levy, JJ.