# SUPREME COURT.

## Augustus B. F. Pond agt. The Hudson River Railroad Company.

### The Same and Wife agt. The Same Defendants.

The place of *residence* of a corporation, created by the laws of this state, must be ascertained by its *place of business*. If it have several places of business, it must also be deemed to have several places of residence.

The principal business of the defendants is transacted in New-York, and yet they have a place of business in Albany, which fact constitutes them, for the purposes of *venue*, residents of Albany.

*Albany Special Term, October*, 1858.

Motion to change the place of trial.

The actions were brought to recover damages for injuries sustained by the plaintiffs, while passengers upon a train of cars belonging to the defendants. The collision, which resulted in the injuries of which the plaintiffs complain, took place near Poughkeepsie, in January, 1856. The plaintiffs were passengers from Albany to New-York. The plaintiffs reside in the county of Schoharie. The venue in the actions is laid in the county of Albany. The defendants in due season demanded that the trial should be had in the proper county. They then moved to change the venue to Schoharie, on the ground that Albany is not the proper county.

Ira Shafer, *for plaintiffs.*
Henry Smith, *for defendants.*

Harris, Justice. The 125th section of the Code required that the plaintiffs should lay their venue in some county in which some of the parties to the action resided at the time of the commencement of the suit. The plaintiffs themselves resided in the county of Schoharie. Whether or not the venue

could properly be laid in Albany, must depend upon the question whether the defendants can properly be regarded as residents of that county?

The question whether a corporation can be deemed to have a residence, and, if so, how its place of residence is to be determined, was well considered by Mr. Justice BOCKES, in *Conroe* agt. *The National Protection Insurance Company* (10 *How.* 403). His examination of these questions led to the conclusion that a corporation created under the laws of this state is to be deemed a resident of the state, and that the place of its business was to be deemed the place of its residence. In these positions I do not hesitate to concur.

For the purposes of an action, a corporation is to be deemed not only as a person, but a resident or a non-resident, according to the source from which it derives its existence. It is a resident if created by the laws of this state. If by the laws of another state or government, a non-resident. When it is to be treated as a resident, being incapable from its nature of having a domicil, its place of residence must be ascertained by its place of business. If it have several places of business, it must also be deemed to have several places of residence.

In this case the defendants were authorized to construct a railroad from New-York to Albany. They were carriers of passengers between those places. They received passengers as well as freight at Albany, to be transported from Albany to New-York, and the intermediate places. It is true that they transported their passengers out of the county of Albany by means of a ferry-boat, and not a railroad track; but they are not, for this reason, any the less carriers of passengers or engaged in business in Albany. The principal business of the defendants is transacted in New-York, and yet they have a place of business in Albany, where they receive from passengers their fare, and agree to transport them and their baggage from Albany to the different places along the line of their railroad.

These facts, in my judgment, constitute the defendants, for the purposes of the question involved in this motion, residents

of the county of Albany. The venue was, therefore, properly laid in that county.

The motion must be denied. The costs of opposing the motion are to abide the event of the suit.