(88 App. Div. 281.)

## POLAND v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. VENUE OF ACTIONS—RESIDENCE OF DEFENDANT—RAILROADS—PLACE OF BUSINESS.

 Under Code Civ. Proc. § 984, providing that actions not specified in sections 982, 983, must be tried in the county in which one of the parties resided at the commencement thereof, an action for personal injuries against a railroad was properly brought in a county in which it operated its road and carried on a large portion of its business, although plaintiff did not reside there, and defendant's principal office was located in another county.

Appeal from Special Term, Albany County.

Action by Eliza Poland against the United Traction Company. From an order denying a motion for a change of venue, defendant appeals. Affirmed.

Plaintiff resides in Albany county, and was injured by defendant in that county. She brought this action to recover damages for such injury, and places the venue in Rensselaer county. Defendant has its principal "office and place of business" in Albany county, and moves to change the venue to

---

¶ 1. See Railroads, vol. 41, Cent. Dig. § 50.

the latter county, as a matter of right. The proper demand was made, under section 986 of the Code of Civil Procedure, before this motion was noticed.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

Patrick C. Dugan, for appellant.
Van Santvoord & Wellington (Herbert F. Roy, of counsel), for respondent.

PARKER, P. J. It is substantially conceded upon the record in this matter that the defendant, although it has its principal office in Albany, operates its road and carries on a large part of its business in Rensselaer county. Under such circumstances, I am of the opinion that it may be deemed a resident of the latter county, and therefore, under the provisions of section 984 of the Code, the venue was well laid in such county. When the defending company is other than a railroad company, and has named its principal place of business in its articles of association, it is well settled that the place so fixed is to be deemed its place of residence. Rossie Ironworks v. Westbrook, 59 Hun, 345, 13 N. Y. Supp. 141; Speare v. Troy Laundry Machinery Co., 44 App. Div. 390, 60 N. Y. Supp. 1080; Remington & Sherman Co. v. Niagara County National Bank, 54 App. Div. 358, 66 N. Y. Supp. 560. But it seems also to be settled that, in the case of a railroad company, its place of residence must be ascertained by its place of business; and, if it have several places of business, it must also be deemed to have several places of residence. Pond v. Hudson River R. Co., 17 How. Prac. 543; Buffalo & State Line R. Co. v. Supervisors of Erie Co., 48 N. Y. 103, and cases there cited; 23 Am. & Eng. Ency. of Law (2d Ed.) 679, 680, and cases there cited. No authority to the contrary has been cited, nor do I find any. Although its principal office may be located in a specified county, the principal business of a railroad company can hardly be said to be located in any particular place. It owns property in, and operates its road through, many counties, and there are various reasons why its place of residence should not be limited to the place where its main office is located. People v. Fredericks, 48 Barb. 173, 186, 187. I am not aware of any reason why the rule so established should be changed, and I conclude that the order must be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.