### FERRIN v. HUXLEY.

(Supreme Court, Appellate Division, First Department.   May 6, 1904.)

1. CHANGE OF VENUE—COUNTY OF PLAINTIFF'S RESIDENCE—ERROR.

On motion by a defendant to change to the county in which he resides the venue of an action which has been laid in a county in which neither of the parties thereto resides, it is improper for the court to make an order, against the objection of the defendant's counsel, changing the place of trial to the county of the plaintiff's residence.

Appeal from Special Term, New York County.

Action by Charles J. Ferrin, Jr., against Frederick B. Huxley. From an order changing the place of trial, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Edwin D. Webb, for appellant.
Ira B. Stewart, for respondent.

O'BRIEN, J.   The venue was laid in New York county, and it is conceded that the plaintiff resides in Westchester and the defendant in the county of Wayne.   Upon the ground that the plaintiff had brought the action in the wrong county, the defendant moved to change the place of trial to Wayne county, and the court granted the motion so far as to order a change of venue, but directed that the trial should be had in Westchester county.   The precise question upon this appeal was directly involved and passed upon in the case of Loretz v. Met. St. Ry. Co., 34 App. Div. 1, 53 N. Y. Supp. 1059, and it was therein decided, as correctly stated in the syllabus, that:

"On a motion by a defendant to change to the county in which he resides the venue of an action which has been laid in a county in which neither of the parties thereto resides, it is improper for the court to make an order, against the objection of the. defendant's counsel, changing the place of trial to the county of the plaintiff's residence."

Upon the reasoning and authority of that case, the order appealed from must be reversed, with $10 costs and disbursements, and the motion to change the place of trial to Wayne county granted, with $10 costs.   All concur.