POLLEY v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

VENUE (§ 28*)—FOREIGN RAILROAD CORPORATIONS.

    A railroad corporation, though a foreign corporation, is deemed to reside in any county through which it operates its road, so as to authorize an action against it in such county under Code Civ. Proc. § 984, requiring certain actions to be brought in the county wherein one of the parties

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

resided at the commencement thereof, though plaintiff resided in another county through which the road operates.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 42; Dec. Dig. § 28.*]

Appeal from Special Term, Cortland County.

Action by Leon D. Polley against the Lehigh Valley Railroad Company. From an order denying a motion to change the venue, defendant appeals. Affirmed.

Argued before SMITH, P. J., and COCHRANE, SEWELL, and HOUGHTON, JJ.

Alexander S. Diven, for appellant.
Clayton R. Lusk, for respondent.

COCHRANE, J. This is an action which "must be tried in the county in which one of the parties resided at the commencement thereof." Code Civ. Proc. § 984. Plaintiff at the time of the commencement of the action resided in Tioga county and brought his action in Cortland county. Defendant is a foreign corporation, but operates a railroad extending through both the counties of Cortland and Tioga. It seeks to change the place of trial from Cortland to Tioga county because of the alleged reason that neither party resides within said county of Cortland.

In Poland v. United Traction Company, 88 App. Div. 281, 85 N. Y. Supp. 7, affirmed on opinion below in 177 N. Y. 557, 69 N. E. 1129, it was held that a railroad corporation, under said section 984 of the Code, is deemed to have a residence in any county through which it operates its road. The defendant in that case was a domestic corporation, as was also the defendant in each of the cases cited in the opinion in support of the principle enunciated. But in none of such cases was reference made to a distinction between domestic and foreign corporations. The defendant urges that we should now make such a distinction. In my opinion no substantial reason exists therefor.

The term "resided," as used in said section 984, has been given a somewhat elastic meaning as construed by the courts. In some cases an individual has more than one residence within the meaning of that section. Bischoff v. Bischoff, 88 App. Div. 126, 85 N. Y. Supp. 81. It is only in a constructive sense that a corporation may be said to have any residence. And in the Poland Case, supra, the term was so construed as to give a railroad corporation a residence wherever it may operate its road. There is no good reason why the same rule of construction should not be applied to a foreign railroad corporation.

It is doubtless true that, speaking generally and in a broad sense, a foreign corporation has its residence alone within the bounds of the sovereignty wherein it was created. We are not, however, considering a question which affects the corporate existence or any inherent right of a foreign corporation. No question of jurisdiction is involved. The question is one merely of practice and expediency and state policy. Having duly acquired jurisdiction of the foreign railroad corporation and gained the right to try the action somewhere within the state,

˙such corporation· may well be deemed˙to have a place of residence, within the meaning of said section 984, wherever it permanently, continuously, and systematically operates its railroad.   It is thus placed on a parity with the domestic corporation, and I think the same reason which applies to one applies likewise to the other.   In New York,.New Haven.& Hartford Railroad˙Company v. Welsh, 143 N. Y. 411, 38 N. E. 378, 42 Am. St. Rep. 734, it was said of a foreign· railroad· cor-.poration :

> ˙It · "was ˙authorized to carry on a part ·of its chartered ·business and to operate a portion of its road in this state.   Pro tanto, it is settled here under the sanction of our laws and, to the extent of its existence and operation here, in the contemplation of those laws, it is, pro hac vice, a state corporation."

In the same sense I think a foreign corporation operating a railroad in this state is within the contemplation of said section 984 a state corporation and is to be deemed a resident of this state for the purpose of determining the particular locality within the state where its actions shall be tried.   Any other rule would create an unjust and needless distinction between the two classes of corporations in respect to a mere matter of practice.

. The order. should be affirmed, with $10 costs and disbursements. All concur.