General Baking Company, Plaintiff, *v.* Horatio N. Daniell, Defendant.

(Supreme Court, Erie Special Term, October, 1917.)

Venue — when motion to change denied — corporations — residence — actions — Code Civ. Pro. § 984.

> Under section 984 of the Code of Civil Procedure a corporation may be deemed to have a residence where it owns property and actually transacts a substantial part of its business and its residence is not confined to the county where its certificate of incorporation is filed.

> Where plaintiff, a corporation having its principal office in' the city of New York, where it owns a plant for baking, also owns and operates three bakeries in the city of Buffalo, N. Y., with about 300 employees, and all its business in the western part of the state, including the county of defendant's residence, is carried on from the city of Buffalo, defendant's motion to change the place of trial from Erie county to Tioga county, where he resides, in an action to recover a balance due for baked goods shipped to him from Buffalo, will be denied.

Motion by defendant to change place of trial from Erie to Tioga county, on the ground that Erie is not the proper county.

Frederick E. Hawkes, for motion.

Horton & Grandison, opposed.

Wheeler, J.   The defendant lives in Tioga county. The plaintiff is a corporation, and by its certificate of incorporation its principal office is stated to be in the city of New York. The affidavits submitted show that although the principal business office of the plaintiff is as stated, and it owns a plant for baking in New York city, it also owns and operates three other bakeries in

the city of Buffalo, Erie county, including land, buildings and equipment, which have an assessed valuation of $285,995; that in these bakeries it employs 300 men and women, and that all business of the company in the western part of the state (including Tioga county) is carried on from the city of Buffalo, and that the cause of action set forth in the complaint is for a balance alleged to be due for baked goods shipped the defendant from Buffalo.

The defendant contends that under the provisions of section 984 of the Code of Civil Procedure he has the right to have the place of trial changed to Tioga county as the *proper* county, it being contended that Erie county is not the legal residence of either party to the action.

The plaintiff, however, insists that under the facts shown the plaintiff, for the purposes of motions of this character, must be deemed to have a residence in Erie county. The plaintiff very properly, we think, argues that in determining the place of trial, *residence,* as distinguished from legal domicile, is the determining fact (*Lyon* v. *Lyon,* 30 Hun, 455; *Cincinnati, H. & D. R. Co.* v. *Ives,* 21 N. Y. St. Repr. 67; *Bischoff* v. *Bischoff,* 88 App. Div. 126); and that when we come to consider the case of corporations, a corporation may, in a sense, have several places of residence, as in case of railroads, where it is held by a long line of decisions that such a railroad will be deemed to have a residence in each county of the state through which it operates. *Polley* v. *Lehigh Valley R. R. Co.,* 138 App. Div. 636; affd., 200 N. Y. 586; *Poland* v. *United Traction Co.,* 88 App. Div. 281; affd., 177 N. Y. 557; *English* v. *New York, N. H. & H. R. R. Co.,* 161 App. Div. 834; *Pond* v. *Hudson R. R. R. Co.,* 17 How. Pr. 543; *Buffalo & State Line R. R. Co.* v. *Supervisors of Erie Co.,* 48 N. Y. 93.

It is not true that the legal residence of a cor-

poration is confined to the locality of its principal office of business. Strictly speaking a corporation can have no local residence or habitation. Created by law, and known by the legal capacities conferred upon it, it exists only in the recognition of the rights and franchises which it may claim. Wherever the law is recognized from which its franchises are derived, there it exists. It extends to the territorial limits of the jurisdiction which granted its charter; having no material, visible existence, except in the property it may claim, it is represented by that.

In the case last cited the court said, at pages 103, 104: " The residence of a company is most obviously where it is actively present in the operations of its enterprise. It will thus be seen that while corporations, in their general aspect, are mere ideal existences, without body or soul, yet they will be considered inhabitants, residents, citizens, when the general spirit and purpose of the law require it * * *.

" What then determines the location or residence of a corporation within this State? * * * In the absence of such provisions, its nature, character and mode of operation must determine this. * * * A corporation, for many purposes lives, moves and has its being in its agents, and wherever they are in possession of its real estate, carrying on its corporate business, it may be supposed to exist and reside, without departing from legal precedence or violating the spirit or letter of the law."

On the other hand, there will be found in the reports cases holding that in motions of this character the principal place of business, as fixed in the articles of association, is to be deemed the residence of the corporation. Among such decisions are the cases of: *Rossie Iron Works* v. *Westbrook,* 59 Hun, 345; *Speare* v. *Troy Laundry Mach. Co.,* 44 App. Div. 390; *Reming-*

*ton & Sherman Co.* v. *Niagara Bank,* 54 id. 358; *Rector* v. *Ridgwood Ice Co.,* 38 Hun, 293; *Poland* v. *United Traction Co.,* 88 App. Div. 282.

In none of these cases, however, so far as I am able to discover, were the facts presented such as are shown on this motion. In the cases cited, so far as I can gather from the opinions, the places of business and the ownership of property coincided with the place named as the principal place of business in the certificate of incorporation. We think all the cases above cited were properly decided on the facts as presented in each case, and there is nothing in any of them controlling on the court in disposing of the motion now before this court.

We think the better doctrine is to hold that, for the purposes of determining the place of residence of a corporation, under section 984 of the Code of Civil Procedure, a corporation may be deemed to have a residence where it owns property and actually transacts a substantial part of its business, and its residence is not confined to the county where its certificate of incorporation is filed.

The question presented is a practical one, and one of policy. Any different holding would lead to hardship, and actual injustice in many cases.

In disposing of this motion, we have eliminated from our consideration all questions as to the convenience of witnesses, as we think the sole question presented is whether Erie county is the proper county.

The defendant's motion is denied, without costs of motion.

Motion denied, without costs.