GENERAL BAKING COMPANY, Respondent, *v.* HORATIO N.
DANIELL, Appellant.

Fourth Department, January 9, 1918.

**Trial — place of trial — rule as to residence of railroad companies
not applicable to other domestic corporations — change of place
of trial.**

The rule that railroad companies are deemed to reside in each of the counties
through which their roads run, within the meaning of section 984 of the
Code of Civil Procedure relating to the place of trial of an action, does
not apply to other domestic corporations having a principal office as
fixed in their certificates of incorporation, and branch offices in other
counties where they transact a part of their business.

Motion to change place of trial to county where defendant resides granted
upon the ground that neither the plaintiff corporation nor defendant
resided in the county where the venue was laid at the time of the com-
mencement of the action.

APPEAL by the defendant, Horatio N. Daniell, from an
order of the Supreme Court, made at the Erie Special Term
and entered in the office of the clerk of the county of Erie
on the 2d day of November, 1917, denying defendant's motion
to change the place of trial herein.

*Frederick E. Hawkes,* for the appellant.

*Wilbur B. Grandison* [*Horton & Grandison,* attorneys], for
the respondent.

FOOTE, J.:

We are of opinion that the rule that railroad companies
are deemed to reside in each of the counties through which
their roads run, within the meaning of section 984 of the
Code of Civil Procedure, as to the place of trial of an action,
does not apply to other domestic corporations such as the
plaintiff, having a principal office as fixed in its certificate
of incorporation and branch offices in other counties where
it transacts a part of its business.

The distinction in this respect between railroad companies
and other domestic corporations was clearly pointed out in
the opinion of Presiding Justice PARKER in *Poland* v. *United
Traction Company* (88 App. Div. 281), and this opinion was

adopted by the Court of Appeals in affirming the order in that case (177 N. Y. 557), thereby, as we think, intending to approve the distinction so pointed out.

As neither plaintiff nor defendant resided in Erie county at the commencement of the action, the motion to change the place of trial to Tioga county, the place of residence of the defendant, should have been granted.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.