MARTIN LEVEY, Respondent, *v.* JOHN BARTON PAYNE, Director-General of Railroads, as Agent, under Section 206 of the Transportation Act,* Appellant, Impleaded with NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Defendant.

First Department, February 10, 1922.

Trial — place of trial — action against railroad company for personal injuries — court has no authority of its own motion to change venue from county wherein neither party resided to county of plaintiff's residence — defendant entitled to change of venue to county where accident happened — evidence justifying change of venue for convenience of witnesses — railroad has residence in county where it operates.

In an action brought in New York county by a resident of Kings county to recover damages for personal injuries claimed to have been sustained by reason of the alleged negligence of the defendant in operating its railroad in Sullivan county, the court had no authority, of its own motion and without demand of either party, to order the place of trial changed from New York county to Kings county.

The place of trial should have been changed to Sullivan county on the ground that that county was the proper county for the trial of the action, for it is well settled that where the plaintiff in a negligence action lays the venue in a county of which he is not a resident, the defendant is entitled, as a matter of right, to have the venue changed to the county of his residence, irrespective of the convenience of witnesses.

*It seems,* however, that the defendant made out a proper case which would justify a change of venue to Sullivan county for the convenience of witnesses.

That a railroad company has a residence in the county wherein its railroad operates is well settled.

* See 41 U. S. Stat. at Large, 461, § 206; Pres. Proc. March 11, 1920, and May 14, 1920, 41 id. 1789, 1793, 1794.— [REP.

APPEAL by the defendant, John Barton Payne, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 21st day of October, 1921, directing, on a motion by the defendant to change the place of trial from New York county to Sullivan county, that the place of trial be changed from New York county to Kings county, and also from an order entered in said clerk's office on or about the 6th day of October, 1921, as resettled by an order entered in said clerk's office on or about the 25th day of October, 1921, denying defendant's motion to change the place of trial from New York county to Sullivan county.

*Watts, Oakes & Bright* [*Elbert N. Oakes* of counsel], for the appellant.

*Jacob M. Friedman* [*John V. Bouvier* of counsel], for the respondent.

MERRELL, J.:

The action is brought by the plaintiff to recover damages for personal injuries claimed to have been sustained by reason of the alleged negligence of the defendant in operating its railroad along the Liberty highway (so called) in the town of Monticello, Sullivan county, N. Y. The action was originally brought against Walker D. Hines, Director-General of New York, Ontario and Western Railway Company, and New York, Ontario and Western Rai way Company, defendant. The plaintiff resides in the county of Kings. While neither party resided in New York county, the plaintiff laid the venue of the action in the latter county. The defendant then moved to change the venue from New York county to Sullivan county on three grounds:

*First*, that under General Order No. 18-A of the Director-General, issued April 18, 1918, and having the authority of a statute, it was ordered that all suits be brought in the county where the plaintiff resided at the accrual of the cause of action or in the county where the cause of action arose, and the plaintiff not residing in the county of New York, and the cause of action arising in Sullivan county, that the latter county was the proper county.

*Second*, upon the ground of convenience of witnesses.

*Third*, upon the ground that the plaintiff was not a resident of New York county at the time of the commencement of the action, and that the latter was not the proper county for the trial thereof.

The motion coming on to be heard, the court, on its own motion, and without demand of either party, by the first order changed the place of trial from New York county to Kings county, because

of the fact that the plaintiff resided in that county. By the second order appealed from, the court merely denied a new and separate motion by defendant to change venue from New York county to Sullivan county. We think that both of these orders are erroneous, and should be reversed, for the reason that New York county, where the venue was laid by the plaintiff, is not the proper county for the trial of the action.

Section 984 of the Code of Civil Procedure (now section 182 of the Civil Practice Act) expressly provides that an action of this character must be tried in the county in which one of the parties resided at the commencement thereof. Under the authorities, the defendants are deemed to have been residents of the county of Sullivan. The law is well settled in this State that a railroad has a residence in the county wherein its railroad operates. (*Poland* v. *United Traction Co.*, 88 App. Div. 281; affd., 177 N. Y. 557, on opinion of the Appellate Division; *Polley* v. *Lehigh Valley R. R. Co.*, 138 App. Div. 636; affd., 200 N. Y. 585, without opinion.)

The action of the court in granting the original order changing the venue from New York county to Kings county was without authority in law. Neither of the parties resided in Kings county, except the plaintiff, and the plaintiff did not ask that the venue be changed to that county. The plaintiff had laid the venue in New York county, which was not the proper county. The defendant demanded that the venue be changed to Sullivan county, which was a proper county in which to lay the venue. The court had no right, on its own motion, to change the venue to Kings county. The law is well settled that where the plaintiff in a negligence action lays the venue in a county of which he is not a resident, the defendant is entitled, as a matter of right, to have the venue changed to the county of his residence, irrespective of the convenience of witnesses. (*Ferrin* v. *Huxley*, 94 App. Div. 211; *Loretz* v. *Metropolitan Street R. Co.*, 34 id. 1; *Lageza* v. *Chelsea Fibre Mills*, 135 id. 731; *Finch School* v. *Finch*, 144 id. 687; *Up to Date Fur Dressing Co., Inc.*, v. *Goodman*, 199 id. 919.)

Defendant also asks a change of venue to the county of Sullivan upon the ground that the accident occurred in said county, and for the convenience of witnesses. While it seems to me that the defendant has made out a proper case which would justify a change of venue for the convenience of witnesses, still I think that the court should have changed the venue to Sullivan county on the ground that that county was the proper county for the trial of the action.

Both the orders appealed from should be reversed, with ten dollars costs and disbursements to the appellant in each case, and

defendant's motion to change the venue to Sullivan county should be granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concur.

On the first appeal: Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

On the second appeal: Order reversed, with ten dollars costs and disbursements, and motion granted.