FRANCIS R. STODDARD, JR., Superintendent of Insurance of the
State of New York, as Liquidator of the STANDARD AUTO-
MOBILE MUTUAL CASUALTY COMPANY, Appellant, *v.* JOSEPH A.
MANZELLA, Respondent.

Third Department, January 9, 1924.

Trial — place of trial — action by State Superintendent of Insurance as
liquidator of insurance company to recover assessment levied against
defendant as policyholder — Albany county is residence of plaintiff
within Civil Practice Act, § 182, and is proper place of trial.

The county of Albany is the residence of the State Superintendent of Insurance
within the meaning of section 182 of the Civil Practice Act, and, therefore, an
action by him as liquidator of an insurance company to recover an assessment
levied against a policyholder is properly brought in the county of Albany.

APPEAL by the plaintiff, Francis R. Stoddard, Jr., as Superin-
tendent, etc., from an order of the Supreme Court, made at the
Sullivan Special Term on the 8th day of August, 1923, granting
the defendant's motion for a change of the place of trial from the
county of Albany to the county of Kings.

*Clarence C. Fowler* [*Sidney M. Louis* of counsel], for the appellant.

*John Goodrum Miller,* for the respondent.

H. T. KELLOGG, J.:

The plaintiff is the Superintendent of Insurance of the State
of New York, suing in his official capacity as liquidator of the
Standard Automobile Casualty Company, an insolvent insurance
company in process of liquidation. The defendant is a policy-
holder and member of the insurance company. The action is
brought to recover an assessment of $106.04 levied by the corpora-
tion upon the defendant policyholder. The venue is laid in Albany
county. The defendant resides in Kings county. He moves to
change the place of trial from Albany county to Kings county on
the ground that (1) the latter is the proper county, and (2) that
the convenience of witnesses will best be served by the change.
It is unnecessary to consider the second ground urged. The defend-
ant has no witnesses to summon and no proof to offer. The sole
question involved, therefore, is whether Albany county is, within
the meaning of section 182 of the Civil Practice Act, the residence
of the plaintiff, and, therefore, the proper county.

The residence of a party, within the meaning of section 182 of
the Civil Practice Act, requiring an action to be tried in a county
wherein one of the parties resides, is not necessarily the permanent
home or domicile of a party. In the strict sense, a corporation

# 520    STODDARD v. MANZELLA.

soulless, mindless and bodiless, could have neither home, domicile nor residence. Nevertheless, within the meaning of the section, it has a residence at its principal place of business as stated in its articles of incorporation (*Rossie Iron Works* v. *Westbrook*, 59 Hun, 345; *Speare* v. *Troy Laundry Machinery Co.*, 44 App. Div. 390; *Poland* v. *United Traction Co.*, 88 id. 281), or, as held in some of the cases, at its principal place of business regardless of its articles of incorporation. (*Conroe* v. *National Protection Ins. Co.*, 10 How. Pr. 403; *General Baking Co.* v. *Daniell*, 101 Misc. Rep. 382; 181 App. Div. 501.) A railroad corporation resides, for the purposes of the section, in every county of the State through which it operates its line. (*Poland* v. *United Traction Co.*, supra.) So elastic is the meaning of " residence " in this connection, that a so-called " non-resident " or " foreign " railroad corporation also resides in every county within the State where it operates. (*Polley* v. *Lehigh Valley Railroad Co.*, 138 App. Div. 636.) " A corporation, for many purposes, lives, moves and has its being in its agents, and wherever they are in possession of its real estate, carrying on its corporate business, it may be supposed to exist and reside, without departing from legal precedents or violating the spirit or letter of the law." (Per EARL, C., in *Buffalo & State Line R. R. Co.* v. *Supervisors of Erie County*, 48 N. Y. 93.) It has been held that when the People of the State bring an action, since they reside in every county, any county of the State is a proper county for trial. (*People* v. *Cook*, 6 How. Pr. 448.) It has even been held that for the purpose of laying the venue of an action, an individual may have two residences within the State. (*Bischoff* v. *Bischoff*, 88 App. Div. 126.) The plaintiff is a public officer of the State of New York. Certainly the residence of himself as an individual is immaterial for as an individual he is not one of the parties to the action. His principal office, and principal place of work, both as Superintendent and as liquidator, is in the city and county of Albany. In a sense the State sues when he sues. If his residence is not as broad as that of the entire people of the State and must be regarded as confined to a single county, then certainly upon every analogy that county is the county of Albany. For these reasons we think the venue is properly laid in Albany county.

The order should be reversed, with costs, and the motion denied, with costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.