AJAX RUBBER COMPANY, INC., Plaintiff, v. J. P. DEVINE COMPANY,
Defendant.

Supreme Court, New York County, January 23, 1926.

**Trial — change of place of trial — residence of domestic corporation fixed by certificate of incorporation, although doing business in other counties, notwithstanding amendment to Civil Practice Act, § 182, by Laws of 1925, chap. 493 — transitory action — trial changed from New York county to Erie county.**

The rule that the residence of a domestic corporation is fixed by its certificate of incorporation, although it does business in other counties, is not affected by the provision that " a party having or maintaining a residence in more than one county shall be deemed a resident of either county," added to section 182 of the Civil Practice Act by chapter 493 of the Laws of 1925.

Accordingly, in a transitory action by a domestic corporation, the residence of which is fixed in Dutchess county by its certificate of incorporation, brought in New York county against another domestic corporation with its principal place of business in Erie county, should be changed to the latter county, although the plaintiff is doing business in the county of New York.

MOTION by defendant for change of venue.

*Feiner, Maass & Skutch* [*Ira Skutch* of counsel], for the plaintiff.

*Williams & Williams* [*Frueauff, Robinson & Sloan* of counsel], for the defendant.

JAMES O'MALLEY, J.   The defendant, a domestic corporation, with its principal place of business in Erie county, moves for a change of venue to that county.   It asserts that its residence is there and that plaintiff's residence is in Dutchess county.   The action is transitory and the decision of the motion must depend upon whether the plaintiff, as claimed, has residence in New York county.   Such residence is claimed because it is doing business here, notwithstanding that its certificate of incorporation fixes its residence in Dutchess county.

Prior to the amendment of 1925 (Laws of 1925, chap. 493) to section 182 of the Civil Practice Act, it was well established that the residence of a corporation was fixed by its certificate of incorporation, and this notwithstanding that it did business in other counties.   (*Rossie Iron Works* v. *Westbrook*, 59 Hun, 345; *Poland* v. *United Traction Co.*, 88 App. Div. 281; *Stoddard* v. *Manzella*, 207 id. 519; *General Baking Co.* v. *Daniell*, 181 id. 501; *Carvel Court Realty Co., Inc.*, v. *Jonas*, 195 id. 662.)   Counsel for plaintiff urges that the amendment to the section above referred to has had the effect of changing the rule heretofore established.   Section

182, as amended, reads as follows, italicized portions being added by the amendment of 1925: "An action in the supreme court not specified in the two following sections must be tried in the county in which one of the parties resided at the commencement thereof. *An executor or an administrator shall be deemed a resident of the county of his appointment, as well as the county in which he actually resides.* If neither of the parties then resided in the state it may be tried in any county which the plaintiff designates for that purpose in the title of the complaint. *A party having or maintaining a residence in more than one county shall be deemed a resident of either county.*"

It is claimed that the last sentence refers to a corporation as well as a natural person, and that a corporation may now have a residence in a county other than that indicated in its certificate of incorporation by virtue of the fact that it does business in such county.

With this contention I am unable to agree. I find nothing in the amendment indicative of a legislative intention to permit a corporation to have more than one residence, namely, that which it has selected when it receives its franchise. If it desires a change, a method for accomplishing such is provided in section 35 of the Stock Corporation Law of 1923 (Laws of 1923, chap. 787, as amd. by Laws of 1924, chap. 441), and this would seem to be the only method short of further legislative enactment. (*Oswego Starch Factory* v. *Dolloway,* 21 N. Y. 449, 453.)

The amendment did not seek to confer a new residence but merely provides that where a party has more than one residence the action may be maintained by such party in any county in which such residence is shown to exist. The amendment does not purport to change any pre-existing law as to the existence of a residence.

For these reasons I am of the opinion that the motion should be granted.