## LONDON v. NORFOLK & W. RY. CO.
### (two cases).
### Nos. 4619, 4620.

Circuit Court of Appeals, Fourth Circuit.

April 13, 1940.

James J. Laughlin, of Washington, D. C., for appellant.

R. Carter Scott, Jr., of Richmond, Va., for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

PER CURIAM.

Motion to dismiss the appeals in these cases will be denied. The orders dismissing the cases will be affirmed, however, on the ground that since the defendant is a Virginia corporation, having its principal office in the Western District of Virginia, it is not suable, over its objection, in the Eastern District of that State, diversity of citizenship being the sole ground of jurisdiction. The recent case of Neirbo Co. et al. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. ——, is not a holding to the contrary. That case involved suit against a corporation of another state which had appointed an agent within the state of suit to accept service of process. The suits here were instituted against a domestic corporation and no question of consent to suit was involved. Not having been instituted in the District in which defendant had its principal office, they were properly dismissed. Judicial Code, sections 51 and 52, 28 U.S.C. A. §§ 112 and 113; Galveston, etc., R. Co. v. Gonzales, 151 U.S. 496, 14 S.Ct. 401, 38 L.Ed. 248; Dobie on Federal Procedure p. 482; Simpkins Federal Practice p. 371. The effect of the Neirbo case is merely to permit suit against a corporation in a federal district in which it has appointed an agent to accept service of process, and in which, if sued in a state court, it might remove to a federal court. No such right of removal exists in diversity of citizenship cases if a corporation be sued in a court of the state of its residence. Judicial Code, § 28, 28 U.S.C.A. § 71. If plaintiff desires to sue in a federal court of that state the provisions of the venue statute must be followed, as in such case there is no appointment of a process agent upon which waiver of such provisions can be predicated.

Affirmed.