## COHN et al. v. PENNSYLVANIA R. CO.
### Civil No. 2300.

District Court, E. D. New York.

May 14, 1942.

Burlingham, Veeder, Clark & Hupper, of New York City (G. Hunter Merritt, of New York City, of counsel), for defendant, appearing specially for the motion.

Cass, Bacal & Castaldi, of New York City (Jacques W. Bacal and A. Richard Greene, both of New York City, of counsel), for plaintiff, opposed.

CAMPBELL, District Judge.

This is a motion made on behalf of the defendant to dismiss the complaint herein on the ground that the Court should not take jurisdiction.

The action was brought by the plaintiff in the New York Supreme Court, Kings County, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, its agents or servants.

The cause of action arose outside of New York, in Washington D. C.

The plaintiffs are residents of the State of California.

The defendant is a corporation, organized and existing under the laws of the State of Pennsylvania, and is engaged in business, and has tracks for the movement of its trains within the State of New York.

This action was properly brought in the State Court, and this Court has jurisdiction. General Corporation Law of the State of New York, Chapter 23 of the Consolidated Laws, Section 225, provides as follows:

"Action against foreign corporation by another foreign corporation or non-resident. An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only: * * *

"4. Where a foreign corporation is doing business within this state."

Leon D. Polley v. Lehigh Valley Railroad Co., 138 App.Div. 636, 122 N.Y.S. 708, affirmed 200 N.Y. 585, 94 N.E. 1098; Poland v. United Traction Co., 88 App.Div. 281, 85 N.Y.S. 7, affirmed 177 N.Y. 557, 69 N.E. 1129; Baltimore Mail S. S. Co. v. Fawcett, 269 N.Y. 379, 199 N.E. 628, 104 A.L.R. 1068.

The State Courts do not uniformly refuse to take jurisdiction in like cases.

The injuries having been received in alighting from a train which she had boarded at New York City, no undue burden will be placed upon the defendant in producing its witnesses, as presumably the crew of the train will be in New York from time to time on the defendant's business.

This Court has jurisdiction, and the case should be tried here. Motion to dismiss denied.

Motion to extend defendant's time to answer extended until ten days after the determination of this motion granted.