JAMES S. RAY, Plaintiff, v. BEE LINE, INC., Defendant.

Supreme Court, Special Term, Kings County, February 1, 1943.

*Cohen & McGuirk* for defendant.

*William J. Scanlon* for plaintiff.

FROESSEL, J. Defendant moves for an order changing the place of trial from Queens County to Nassau County upon the ground that plaintiff resides in Nassau County and the defendant has its principal place of business in Nassau County. There is no denial of plaintiff's residence in Nassau County, nor of the fact that the defendant's principal place of business is in Nassau County, and that its certificate of incorporation so provides.

It is the general rule that the residence of a domestic corporation is fixed by its certificate of incorporation. (*Finch School* v. *Finch,* 144 App. Div. 687 [2d Dept.]; *General Baking Co.* v. *Daniell,* 181 App. Div. 501 [4th Dept.]; *Carvel Court Realty Co., Inc.* v. *Jonas,* 195 App. Div. 662 [3rd Dept.]; *Up to Date Fur Dressing Co., Inc.* v. *Goodman,* 199 App. Div. 919 [1st Dept.]; *Ajax Rubber Co., Inc.* v. *Devine Co.,* 126 Misc. 341; *Dairymen's League Co-Operative Assn., Inc.* v. *Brundo,* 131 Misc. 548; 4 Carmody's New York Practice, § 1159, p. 2617.) While it has frequently been held, in the case of a railroad company, that it has a residence in any county wherein its railroad operates (*Poland* v. *United Traction Co.,* 88 App. Div. 281, affd. 177 N. Y. 557; *Polley* v. *Lehigh Valley R. R. Co.,* 138 App. Div. 636, affd. 200 N. Y. 585; *Levey* v. *Payne,* 200 App. Div. 30; *DeGroat* v. *New York Central R. R. Co.,* 235 App. Div. 816), this exception to the general rule has not been extended to bus companies or common carriers generally.

Under the circumstances, the motion must be granted. (Civ. Prac. Act, § 182.)