## KIBLER v. TRANSCONTINENTAL & WESTERN AIR, Inc.

District Court, E. D. New York.

May 9, 1945.

Frank L. Tyson, of New York City, for plaintiff.

Everett W. Bovard, of New York City (James M. Bovard, of New York City, of counsel), for defendant.

INCH, District Judge.

Defendant makes a motion which will be treated as seeking an order dismissing the action in this court only on the ground of improper venue, authorized by Rule 12 (b) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. While the defendant has asked that the action be transferred to the Southern District, where it asserts the venue would be proper, the federal rules provide no procedure and no administrative machinery exists in the clerk's office to accomplish such a transfer.

The parties have agreed, when a reference was suggested by the court, that the statements made in the affidavits submitted upon this motion should be accepted as representing the undisputed facts and the court has so assumed. Plaintiff resides in New York County, which is within the jurisdiction of the Southern District of New York. Defendant is a corporation organized and existing under the laws of Delaware and is engaged in the business of transporting passengers by air as a common carrier. A general office is maintained by defendant in New York County, where it was duly served with process of this court.

The action is brought to recover for personal injuries sustained by plaintiff while a passenger on one of defendant's planes in California. Jurisdiction is grounded upon diversity of citizenship and is admitted to be proper. Defendant asserts the privilege, which it has not waived to have the venue of the suit properly laid. "Jurisdiction" connotes the power to decide a case upon its merits; "venue" connotes locality, the place where the suit should be heard. Interior Const. Co. v.

Gibney, 160 U.S. 217, 16 S.Ct. 272, 40 L.Ed. 401; 23 Words and Phrases, Perm.Ed., p. 401; 44 Words and Phrases, Perm. Ed., p. 124.

The venue of this action is governed by section 51 of the Judicial Code, 28 U.S. C.A. § 112, which provides in part: "* * * where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." The Eastern District is not the residence of the plaintiff and this motion is predicated upon the view that it is not the residence of the defendant either. Although defendant would evidently consent to suit in the Southern District, plaintiff has elected to oppose this application on the merits.

Before the amendment of section 51 of the Judicial Code in 1887, its predecessor provided that suit should be brought in the district where the defendant was an "inhabitant" or where he "could be found." It is apparent that the Congress intended, in adopting the new language, to restrict the former provision and to confine two-party diversity suits to one of two districts. Whereas prior to the amendment the action might be brought wherever the defendant could be found, now it is the defendant's privilege to have it brought in the district of his or the plaintiff's residence. Galveston, etc., Railway Co. v. Gonzales, 151 U.S. 496, 14 S.Ct. 401, 38 L.Ed. 248.

It has been held for the purposes of venue that the "residence" of the usual corporation is the county in which its principal office or principal place of business is located. 37 Words and Phrases, Perm. Ed., pp. 228, 272, 273; 19 C.J.S., Corporations, § 1296, p. 976; Ajax Rubber Co. v. J. P. Devine Co., 126 Misc. 341, 214 N.Y.S. 311; see Villard v. U. S. Shipping Board Emergency Fleet Corporation, D.C.N.Y.1924, 1 F.2d 570; Gorman v. A. B. Leach & Co., Inc., D.C.N.Y.1926, 11 F.2d 454. In the case of a domestic corporation, its principal place of business is the location it so designates in its charter or certificate of incorporation. In the case of a foreign corporation, it is the location it so designates in its application for a certificate of authority to do business in this state, as required by section 210 of the General Corporation Law of the State of New York, Consol.Laws, c. 23. In the event that no certificate has been procured, the location of its principal place of business in the state may be a question of fact.

It may be assumed that the defendant, which is a substantial corporation and does an extensive business in New York, has obtained the required certificate of authority. From the affidavit of its attorney, it may be assumed that New York County was designated as the locality of its general office and principal place of business. Ordinarily, then, its only residence in New York State would be in the Southern District and suit against it would have to be brought there, under the requirements of section 51 of the Judicial Code. London v. Norfolk & W. R. Co., 4 Cir., 1940, 111 F.2d 127.

However, the principles discussed thus far have long been subject to an exception made by the courts in the case of railroads. Whereas corporations generally may have but one residence in a state, railroads may have many. It has been held that a railroad is a resident of every county "where it operates," "where it has a place of business," "where it runs," "where it owns property and runs its road," "through which its line passes". Poland v. United Traction Co., 88 App.Div. 281, 85 N.Y.S. 7, affirmed 177 N.Y. 557, 69 N.E. 1129; Polley v. Lehigh Valley R. 138 App. Div. 636, 122 N.Y.S. 708, affirmed 200 N.Y. 585, 94 N.E. 1098; Levey v. Payne, 200 App.Div. 30, 192 N.Y.S. 346; East Tennessee, V. & G. R. Co. v. Atlanta R., 5 Cir., 49 F. 608; 37 Words and Phrases, Perm.Ed., p. 273.

For purposes of venue, therefore, the residence of a railroad does not rest only upon the presence of tracks. The selling of tickets to passengers and acceptance for transportation, and the receipt and discharge of freight and baggage are as much a part of a railroad's operation as the running of trains over tracks. Where it performs these functions, it has a residence. DeGroat v. New York Central R., 235 App.Div. 816, 256 N.Y.S. 853. This decision is not to be disregarded. West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956.

While no authority has been cited to the court extending to airlines the exception established in the case of railroads (see Ray v. Bee Line, Inc., 1943, 180 Misc. 172, 40 N.Y.S.2d 447), there appears to be no

logical reason for not doing so as to this defendant on the facts here presented. Both are common carriers of freight and passengers; both operate conveyances from terminal points along prescribed routes on regular schedules; both are vested with a public interest and subject to government control, the railroads by the Interstate Commerce Commission and the airlines by the Civil Aeronautics Board. Airlines such as this defendant are in competition with the railroads for much of the same business. The future promises a tremendous increase in air transportation after the war and the competition with railroads will become increasingly keen. It should make no difference that an airline travels lanes above the earth while the railroad travels upon it.

The defendant has been operating its planes in and out of La Guardia Field, which is in the Eastern District of New York, for a long time. They arrive and depart on fixed daily and hourly schedules. The defendant occupies offices at the airport and has numerous employees there, also hangars for the housing of its planes. These operations are a substantial part of the defendant's regular business of air transportation as a common carrier.

Plaintiff's selection of the Eastern District for the venue of her action against this defendant seems to me to be proper and defendant's motion is therefore denied.

Settle order on notice, in which order details as to time to answer, etc., may be agreed upon.