## In re RIVERDALE PRODUCTION, Inc.

No. 88313.

United States District Court
S. D. New York.
April 3, 1952.

Albert Brandt, New York City, for respondent, M. H. Pegigor, Inc.

Siegel & Brownstein, New York City, Benjamin Brownstein, New York City, of counsel, for trustee.

GODDARD, District Judge.

■ Petitioner seeks review of the order of the referee in bankruptcy in which he held a conditional sales contract null and void as against the trustee in bankruptcy on the ground that it was not filed in the proper county. It was filed in Bronx County where one of the bankrupt's stores was located, but not in the County of New York where it had a store, and where its Certificate of Incorporation stated its principal office shall be located.

The trustee moved before the referee for a determination as to where the bankrupt legally maintained its "principal office" and to adjudge as null and void as against the trustee those conditional bills of sale which were not filed in the county where the bankrupt had its "principal office". There were several conditional sales outstanding; some registered in New York; others in the Bronx.

The petition stated that the bankrupt operated two stores—one in New York County, and one in Bronx County; that the bankrupt's schedules list the Bronx address as the principal place of business, as do the minutes of the first meeting of the incorporators. The vendor-petitioner asserted that the Bronx address is its principal place of business and that the corporation resides there. In the sales contract the bankrupt's address was stated as 265 West 231st Street, Borough of the Bronx. The referee held that the Certificate of Incorporation was conclusive and took no testimony on the question.

The bankrupt's Certificate of Incorporation stated—

"4. The principal office of the corporation shall be located in the City, County, and State of New York".

Section 66 of the New York Personal Property Law, McK.Consol.Laws, c. 41, reads—

"Every other conditional sale contract or a copy thereof * * * must be filed in the office of the city or town clerk in the city or town in which the buyer resides, if he resides within the state at the time of the execution thereof * * *."

The section excludes certain contracts with which we are not now concerned.

In Western Transportation Co. v. Scheu, 19 N.Y. 408, it was held for taxation purposes that the statement in the Certificate of Incorporation stating that its principal office shall be situated in the Village of Tonawanda, County of Niagara, was conclusive, although a much larger part of its business was carried on in Buffalo where the corporation's President, Secretary and Treasurer resided, and the court said that it apprehended that one motive for requiring the location to be fixed in the Certificate was to avoid disputes on the subject, and if left open and at large, it would tend to produce controversies and litigation.

In the Oswego Starch Factory v. Dolloway, 21 N.Y. 449, it was held that the location of the corporation for purposes of taxation is the place designated in its Certificate of Incorporation, and that it was immaterial that the principal office for transacting business was in another town.

In Ajax Rubber Company, Inc. v. J. P. Devine Company, 126 Misc. 341, 214 N.Y.S. 311, it was held for venue purposes that a corporation had but one residence and this is fixed by its Certificate of Incorporation.

The State of Washington had a statute substantially like the New York statute and it was held by the Supreme Court of Washington that to be effective the conditional sales agreement must be filed in the county specified in its Articles of Incorporation. First National Bank of Everett v. Wilcox, 72 Wash. 473, 130 P. 756, 131 P. 203.

In Ex parte Schollenberger, 96 U.S. 369, 377, 24 L.Ed. 853, Mr. Chief Justice Waite said—

"A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter  *  *  *".

See Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, 36 S.Ct. 466, 60 L.Ed. 841.

In the matter of LeRoy Knitting Mills, Inc., 28 Am.Bankr.Rep.,N.S., 682, No. 61937, a referee in bankruptcy said that as the debtor, a corporation, resided in two places—in the City of New York and Camillus, New York, where it had a factory, it was sufficient if the conditional sales contract was filed in either place, but found that there was no longer a reservation of title. Upon petition to review, the decision was reversed, thereby upholding the filing. However, from an examination of the record in the matter it appears that the filing was in the county designated in its Certificate of Incorporation as its principal place of business.

The desirability of a fixed location for the residence of a corporation plus the fact that the courts have generally regarded the residence of a corporation to be a technical term, leads me to hold that the Certificate of Incorporation is conclusive. A determination to the contrary would cause uncertainty as to the proper place to file, and assurance might be had only after a full investigation and, possibly, litigation.

The order of the referee is confirmed, and the petition to review is dismissed.

Settle order on notice.