MARGARET PETERS, as Administratrix of the Estate of STUART BARNES, Deceased, Plaintiff, v. ROBIN AIRLINES, Doing Business as NORTH CONTINENT AIRLINES, Defendant.

Supreme Court, Special Term, Kings County, December 16, 1952.

*Condon & Forsyth* for defendant appearing specially.

*Harry H. Lipsig* for plaintiff.

F. E. JOHNSON, J.    Decedent died April 18, 1952.    Prior to that he had lived in Brooklyn.    Robin Airlines, Inc., is a California corporation, its principal place of business being Burbank, California.

Prior to that date decedent boarded an aircraft owned and operated by defendant at La Guardia Field, New York City, for transportation to California.    The aircraft stopped at Chicago, Kansas City, Wichita, Amarillo, and Phoenix, Arizona; thence it proceeded toward Burbank; it never reached Burbank, having crashed and burned at Whittier, California.    Decedent was injured and died thereafter.

Plaintiff administratrix served a summons upon the Secretary of State here.    Defendant moves to vacate and set aside the service.

The complaint alleges, upon information and belief, that the defendant had, prior to the institution of the action, filed a certificate with the Secretary of State designating him as its agent for the service of process.    A letter from the Secretary of State (Aug. 20, 1952) shows that this statement is inaccurate as to the Robin Airlines, Inc.; a domestic corporation, North Continent Airlines, Inc., exists, but it is not the Robin Airlines, Inc.; not shown to have any relation to the defendant nor to this action.    The designation by the North Continent Airlines, Inc. of the Secretary of State as *its* agent for the service of process

is therefore of no relevance to the jurisdictional powers of the court over Robin Airlines, Inc.

Service was effected under the authority and pursuant to the procedures of section 250 of the General Business Law.

In the memorandum of the Governor which accompanied his approval on April 15, 1952, it was stated that the phrase '' or in which such aircraft may be involved while being operated in this State '' was inadvertently omitted. With this addition, the prescribed procedure would apply to any action '' growing out of any accident or collision in which such nonresident may be involved while operating an aircraft which has landed at, or departed from any airfield in this state (,) or in which such aircraft may be involved while being operated in this State.'' The addition of this phrase, preceded as it is by the disjunctive '' or '', would obviously expand the application of this section.

It is a fair conclusion that the act was intended to apply to a situation such as is presently before the court. There has been the necessary act of appointment, namely, the operation by a nonresident of an aircraft from an airfield in this State. There have similarly arisen circumstances under which such an appointment shall be effective, namely, the action grows out of an accident or collision in which such nonresident may be involved while operating an aircraft which has landed at, or departed from any airfield in this State. Under these circumstances, a construction of the act which would render it inapplicable to the case at bar because the accident occurred *without* the State might do violence to the express language of the act. (Cf. *Miner* v. *United Air Lines Transport Corp.*, 16 F. Supp. 930.)

Thus, within the terminology of the statute, the aircraft '' departed from '' La Guardia Field and '' landed at '' Chicago, Ill., Kansas City, Mo., Wichita, Kan., Amarillo, Tex., and Phoenix, Arizona. This is a practical interpretation of the act as well. Aircraft frequently make a short trip from New York airfields to airfields in New Jersey before commencing the main transportation. If the fact that the aircraft had flown a short distance and landed in another jurisdiction would insulate the nonresident carrier from the application of the act, the act would be of little value. It seems irrelevant that the aircraft with which this action is concerned stopped at various intervals in the course of its continuous transportation from La Guardia Field to Burbank, California.

The principal question raised by the papers in this case is, is the application of section 250 to a cause of action arising *outside* the State, repugnant to the due process guarantees of the United States Constitution and the New York State Constitution. Similar statutes relating to the service of process on nonresidents who operate motor vehicles within the State are limited in their application to accidents occurring *within* the State. The defendant has contended that such a limitation is a prerequisite to constitutionality.

In *International* v. *Washington* (326 U. S. 310, 316) the Supreme Court said: " due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend ' traditional notions of fair play and substantial justice '." And the demands of due process (p. 317): " may be met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there. An ' estimate of the inconveniences ' which would result to the corporation from a trial away from its ' home ' or principal place of business is relevant in this connection."

Clearly, the most convenient place to be sued from the point of view of a foreign corporation is its principal place of business. At the principal place of business, the corporation is " present " to the greatest degree; here it is difficult to say that the defendant is " present " anywhere, even at its principal place of business. Corporate presence is established if the corporation is " doing business ". In this case, the defendant's certificate was suspended on April 18, 1952. Unless it was conducting its operations in violation of the law, it was doing no business *subsequent* to the time of the accident, and thus has not been present anywhere. From all that may be gathered from the papers, the defendant has a legal existence and nothing more. It is possible that jurisdiction could nowhere be established on the basis of corporate " presence ".

Convenience is an element in the question of venue. What would be the proper venue had the plaintiff brought this suit in the Federal courts? Prior to the 1948 revision of the laws relating to the Federal judiciary and judicial procedure, the Eastern District of New York would have been proper. (*Kibler* v. *Transcontinental & Western Air, Inc.,* 63 F. Supp. 724.) In

that case, the plaintiff resided in New York County which is in the Southern District of New York. The defendant was a Delaware corporation maintaining a general office in New York County. The defendant's airport was La Guardia Field in the Eastern District of New York. The accident took place in California. Venue in the Eastern District of New York was held to be proper. The court held that an air carrier, by analogy to the railroads was a resident " where it operates," " where it has a place of business," " where it runs," " where it owns property and runs its road," " through which its line passes." It was thus a *resident* of the Eastern District. (See *Travelers Health Assn.* v. *Virginia,* 339 U. S. 643, 649.)

To permit the State to exercise its jurisdiction in this case will in no way invade the field of economic and safety regulation over air commerce pre-empted by the Federal Government; this action, for personal injuries resulting from negligence, is a common-law remedy, and available in this State unless barred by Constitution or statute; no Federal legislation has purported to occupy this field. The Federal Government leaves questions of common-law liability to the States. (Cf. *Elliott* v. *Steinfeldt,* 254 App. Div. 739; *Bono* v. *Mellor,* 5 N. J. Superior Ct. 167, and *Choy* v. *Pan American Airways Co.,* U. S. Dist. Ct., S. D. N. Y., March 26, 1941.)

The scheme whereby notice is to be given to the defendant follows the procedure outlined in section 52 of the Vehicle and Traffic Law.

Section 250, as applied to the facts of this case, is consistent with the provisions of the United States Constitution and the New York Constitution, and service of process, pursuant to its terms, gave this court jurisdiction in personam over the defendant. Motion denied.