Samuel W. Eager, J.
This is a motion to change the venue of this action from Westchester County to New York County upon the ground that Westchester County was not a proper *413 county for venue purposes in that none of the parties have a residence in said county. It affirmatively appears that none of the defendants reside in Westchester County. Plaintiff, however, operates a race track in the county of Westchester, and on this ground claims to he a resident of the county.
Plaintiff was originally organized on the 28th day of December, 1949, as Yonkers Trotting Association, Inc. This corporation was organized “ pursuant to Article II of Chapter 254 of the Laws of 1940 ”. Section 37 of chapter 254 of the Laws of 1940 enumerates the matters which a certificate of incorporation under the Pari-Mutuel Act of the State of New York must contain. Therein it appears that not only must its principal business office be designated but also there is to be designated the county in which it proposes to conduct its business. This section requires that the certificate of incorporation shall state:
“ 2. The objects for which it is to be formed and the location at which it is proposed to conduct its business.
# # #
“4. The location of its principal business office.”
By paragraph “ Fourth ” of the certificate of incorporation of the plaintiff, as amended, it is stated that1 ‘ the location of its principal business office is to be at No. 120 Broadway, in the City, County and State of New York.” Therefore, for the purpose of laying the venue of an action in the Supreme Court, the plaintiff is deemed to have a residence in the county of New York. (Jonas Equities v. 614 East 14th Realty Corp., 282 App. Div. 773; Matter of Norma Footwear, 2 A D 2d 24, 26; Acme Kalamein Door & Sash Co. v. Bronxsville-Devon Corp., 135 N. Y. S. 2d 184; Dairymen’s League Co-op. Assn. v. Brundo, 131 Misc. 548; Ray v. Bee Line, 180 Misc. 172, 173; American Millwork Corp. v. Roskin Bros., 112 N. Y. S. 2d 15.) A party may, however, for venue of action purposes, have a residence in more than one county. (Civ. Prac. Act, § 182; Hurley v. Union Trust Co., 244 App. Div. 590.) Bearing this in mind, the plaintiff contends that it is also to be considered a resident of Westchester County, pointing out that, in accordance with statutory requirements aforesaid (L. 1940, ch. 254, § 37, subd. 2), its certificate of incorporation expressly fixes the location of its place of business for conducting harness race meetings in Westchester County. In this connection, its certificate provides that, “ The location at which it is proposed to conduct said business is upon the premises formerly known as the Empire City Race Track in the City of Yonkers, County of Westchester and State of New York, and as may otherwise hereafter be permitted by law.”
*414 Now, according to plaintiff’s certificate of incorporation and according to law, the place of plaintiff’s business as distinguished from its corporate offices was to be in the county of Westchester. Therein, as a matter of fact, and without dispute, it has its place of business, to wit, it maintains race track premises in Yonkers in said county and thereon carries on the business for which it was organized. Truly, a corporation, being an artificial person, existing solely to carry out its franchises, is in a real and practical sense a resident of the county in which by law it is required to and does exercise its franchises. There it lives its corporate life. So, in my opinion, this plaintiff corporation has a residence in Westchester County, making such county a proper county in which to bring an action in Supreme Court.
The determination reached here is not precluded by the general doctrine laid down by a number of decisions, including those cited above, to the effect that a corporation is deemed to have a residence in the county stated in its certificate of incorporation as the county in which is to be located its principal office. The determination here is merely to the effect that a corporation required by law to designate in its certificate of incorporation the place wherein it shall carry on its business is also deemed to have a residence in the county so designated, that is, where it actually maintains a place of business therein. Such a holding is fully in accordance with the general rules laid down for determining residence qualifications for venue of action purposes. The holding also finds support in the well-buttressed decisions holding that a railroad corporation, for such purposes, is deemed to have a residence in each county in which is located a part of its railroad lines. (Poland v. United Traction Co., 88 App. Div. 281, affd. 177 N. Y. 557; General Baking Co. v. Daniell, 181 App. Div. 501; Levey v. Payne, 200 App. Div. 30.)
Motion denied. Settle order on notice.