■ YONKERS RACEWAY, INC., Respondent, v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., Appellants.— Plaintiff is a corporation organized to conduct harness horse race meetings. Its certificate of incorporation provides that its principal business office is located in New York County and that the location at which it is proposed to conduct its business is in Westchester County, both of which locations are required to be stated in the certificate by statute (L. 1940, ch. 254, § 37, as amd.). In this action the place of trial is designated as Westchester County. Defendants' motion, under section 182 of the Civil Practice Act and rule 146 of the Rules of Civil Practice, to change the place of trial from Westchester County to New York County, was denied. The appeal is from the order entered thereon. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Murphy, Ughetta and Hallinan, JJ., concur; Nolan, P. J., dissents and votes to reverse the order and to grant the motion, with the following memorandum: I am of the opinion that the residence of plaintiff for purposes of venue is in New York County, where its principal business office is located, according to its certificate of incorporation, and that it may not be held to have an additional residence in Westchester County by virtue of a provision in such certificate that the location at which it is proposed to conduct said business is in that county. The exception to the general rule with respect to residence of corporations for venue purposes appears to be confined to cases involving railroad companies. (Cf. *Poland* v. *United Traction Co.,* 88 App. Div. 281, affd. 177 N. Y. 557; *Ray* v. *Bee Line,* 180 Misc. 172; *Ajax Rubber Co.* v. *Devine Co.,* 126 Misc. 341; *Hearn* v. *Farrell Lines,* 278 App. Div. 829; *Jonas Equities* v. *614 E. 14th St. Realty Corp.,* 282 App. Div. 773.)   [9 Misc 2d 412.]

■ AUGUST ZOLOTOROFE, Respondent, v. HERBERT PEARSON, Appellant.— In an action by an attorney at law, respondent herein, to recover for necessaries furnished to appellant's wife (legal services), the appeal, by permission of this court, is from an order of the Appellate Term which affirmed so much of an order of the City Court of the City of New York, County of Kings, as directed appellant to appear for examination as to his finances, income, and assets, and to produce books and records on the examination in accordance with section 296 of the Civil Practice Act. The legal services were rendered in bringing a separation action for the wife. Shortly after commencement of the separation action appellant and his wife became reconciled, and the action was discontinued at the wife's direction. Order of the Appellate Term reversed and order of the City Court modified so as to provide that appellant's motion to vacate the notice of examination be granted in its entirety, with costs in all courts. The action is in quasi contract to recover the reasonable value of the attorney's services actually rendered and completed. The papers fail to demonstrate the necessity for examination of appellant in order to prove such value. (Cf. *Stein* v. *Hart,* 274 App. Div. 1085; *Easton* v. *Simpson,* 182 Misc. 405, affd. 267 App. Div. 1047.) Proper practice would be to allege that appellant is able to afford payment of the reasonable value of the legal services, and if such allegation be denied an application to examine appellant might be in order. (*Moldauer* v. *Walzer,* 197 Misc. 649; see, also, *Granat* v. *Scherman,* 60 N. Y. S. 2d 677.)   Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.